## SWAMPSCOTT MACHINE COMPANY *vs.* THOMAS RICE & another.

Suffolk.   June 2, 1893. — June 21, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Promissory Note — Notarial Certificate of Protest — Notice to Indorser.*

In an action by the payee of a promissory note against the maker and the indorser, it appeared that the notarial certificate of protest, which was dated on a certain day, stated that on that day, " the note remaining unpaid, I duly and officially notified the indorsers, under cover to " the payee, " of said default, requiring payment." The plaintiff's bookkeeper testified that he received the notice at the date of the maturity of the note, and at once enclosed it in an envelope addressed to the indorser, stamped, and with a direction for return if not delivered in five days ; that it was the regular course of business for an office boy to carry the letters from this box to the post office ; and that the letter never was returned. *Held*, that there was evidence of notice to the indorser.

CONTRACT, against Thomas Rice and Ada C. Rice, his wife, upon a promissory note for $800, dated April 28, 1892, payable in three months after date to the order of George K. Paul and Company, under which name the plaintiff did business here, signed by the first named defendant, and indorsed by the other defendant. Trial in the Superior Court, without a jury, before *Bond*, J., who allowed a bill of exceptions, in substance as follows.

The consideration of the note was a prior debt of the husband alone. The indorsement of the wife was for the accommodation of the husband. The only evidence as to notice to the wife was that the notarial certificate of protest, which was dated July 30, 1892, stated that on that day, " the note remaining unpaid, I duly and officially notified the indorsers,

under cover to George K. Paul & Co., of said default, requiring payment."

William P. Peirce, a witness for the plaintiff, testified that he was at the date of the maturity of the note in the plaintiff's employment as a bookkeeper; that he received the notary's notice of protest of the note; that "immediately after or upon its receipt" by the witness, he, though he made no note or memorandum thereof at the time in writing and could not say upon what day of the week or month, enclosed the notice in an envelope marked on the outside to return in five days to the plaintiff, with postage stamp thereon, addressed to the defendant Ada C. Rice, at her residence in Cambridge; that he did not personally put it in the post office or in the United States mail box, but that it was the ordinary and usual course of business for him to put all letters for the mail into a box or place in the plaintiff's office, whence it was the usual and ordinary course of business for an office boy in the plaintiff's employ to carry letters to the post office; that he remembered that in this case he followed this usual course of business by placing the envelope containing the notice in the box in the office; and that the envelope was never returned. The defendant Ada C. Rice testified that she did not remember ever receiving any notice.

The defendants asked the judge to rule, that there was no sufficient evidence of notice of non-payment of the note to Ada C. Rice.

The judge refused so to rule; found for the plaintiff against both defendants; and found specially as follows: "Notice of the non-payment of said note was duly given by mail to said Ada C. Rice, and payment thereof was duly demanded of her by the plaintiff."

The defendants alleged exceptions.

*J. F. Wheeler & E. B. Burpee,* for Ada C. Rice.

*F. M. Copeland,* for the plaintiff.

HOLMES, J. If the certificate of the notary public that he " duly " notified the indorsers is insufficient, taken with the context, to import that he did his duty and sent the notice in due time, as is intimated in *Peabody Ins. Co.* v. *Wilson,* 29 W. Va. 528, 563, the fact is shown by the date of the certificate, which is July 30, the very day of the demand. The plaintiff's

bookkeeper received it at the date of the maturity of the note, and at once put it into a box in the office, stamped, and with a direction for return if not delivered in five days. It was the regular course of business for an office boy to carry the letters from this box to the post office. The letter never was returned. This was evidence that the notice was sent and received. *Dana* v. *Kemble,* 19 Pick. 112. *Skilbeck* v. *Garbett,* 7 Q. B. 846. The other exception is waived.     *Exceptions overruled.*