ANNIE SHEA *vs.* NEW YORK, NEW HAVEN, AND HARTFORD
RAILROAD COMPANY.

Suffolk.    March 10, 1899. — April 1, 1899.

Present: HOLMES, KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

*Personal Injuries — Railroad — Master and Servant — Negligence — Action —*
*Notice of Injury — Service on Corporation — Employers' Liability Act.*

If a person employed by a railroad corporation as a car cleaner takes her place at
the proper time in a passenger car for the purpose of doing her work, it being a
part of her duty to remain seated in the car until it was attached to the "regu-
lar cleaning train," which is on another track, and a locomotive engine is
coupled to the car which is then hauled on to the other track, where the engine
is reversed and the car is pushed back at an unusual speed and with such force
as to collide with the cleaning train, breaking the platforms of the cars and
throwing her from her seat near the middle of the car and injuring her, there
being an engineer in charge of the engine and a brakeman standing on the front
platform of the car as it was being pushed, there is evidence of negligence on
the part of the person in charge of the train which will enable her to maintain
an action against the corporation for her injury, under the employers' liability
act, St. 1887, c. 270.

Evidence that a notice that a person in the employ of a railroad corporation had
been injured was taken to the office of the general superintendent in its princi-
pal station, and, inquiry being made for him and he being absent, was left for
him there with a person whose dress and manner indicated that he was a clerk
in the office, will warrant a finding that due notice of the time, place, and cause
of the injury, under St. 1887, c. 270, § 3, was given to the corporation.

Without reference to the modes of service prescribed by the law in ordinary cases
when notice is to be given, it is enough, under the employers' liability act, St.
1887, c. 270, if a notice in proper form from the employee comes into the hands
of the employer within thirty days after the accident.

TORT, under the employer's liability act, St. 1887, c. 270, for
personal injuries sustained by the plaintiff through the alleged
negligence of an engineer in charge of the defendant's locomotive
engine.    Trial in the Superior Court, without a jury, before
*Stevens*, J., who found for the plaintiff; and, at the request of
the parties, reported the case for the determination of this court.
The facts appear in the opinion.

*C. F. Choate, Jr. & J. L. Hall,* for the defendant.

*J. E. Hannigan,* for the plaintiff.

KNOWLTON, J.   This bill of exceptions presents two questions : first, whether there was evidence of negligence on the part of the defendant, and secondly, whether there was evidence that the plaintiff gave notice to the defendant of the time, place, and cause of the injury.

1. The plaintiff was employed by the defendant as a car cleaner, and she took her place at the proper time in a passenger car for the purpose of doing her work.   It was a part of her duty to remain seated in the car until it was attached to the " regular cleaning train," which was on another track.   A locomotive engine was coupled to the car, which was then hauled on the track from Broadway to D Street in South Boston, where the engine was reversed and the car was pushed back towards Boston on the track upon which the " cleaning train " was.   The plaintiff was seated nearly in the middle of the car, with her back towards the engine.   She testified that after the car had started back she noticed that it was going very fast, — much faster than usual.   When she first noticed the unusual speed, she thought she was about half a mile from the cleaning train.   As the car approached the cleaning train she did not notice that its speed was lessened.   The car was pushed back with such force as to collide with the cleaning train, breaking the platforms of the cars and throwing the plaintiff down from her seat, and injuring her so that she became unconscious.   Another witness, describing the accident, said, " The car came down the track at full speed, and struck the cars of the cleaning train."   The plaintiff testified that a brakeman stood on the front platform of the car as it was being pushed, but she did not see him do anything.   The engine was in the charge of one Loomis, who had worked for the defendant two years or more.

The engine and car constituted a train within the meaning of the statute.   St. 1887, c. 270, § 1.   *Dacey* v. *Old Colony Railroad,* 153 Mass. 112.   The circumstances above stated furnish evidence of negligence on the part of the person in charge of the train.   Whether this person was the brakeman standing on the front platform of the car, or the engineer on the locomotive, is immaterial.   Whichever it was, he ought to have arranged, by signal or otherwise, for stopping the train in time to avoid a collision.   In the absence of any other explanation of that which

occurred, the collision itself, under the circumstances testified to, was some evidence of negligence on the part of the person who should have seen that the train was managed safely.    *White* v. *Boston & Albany Railroad*, 144 Mass. 404.    A railroad company is liable alike for negligence of an engineer in charge of a locomotive engine, and for negligence of a brakeman in charge of a train, for the statute expressly applies to both.    See *Thyng* v. *Fitchburg Railroad*, 156 Mass. 13, 18 ; *Caron* v. *Boston & Albany Railroad*, 164 Mass. 524, 529.

2. There was evidence from which the court might find that due notice was given.    The notice was taken to the office of the defendant's general superintendent, in its principal station in Boston, inquiry was made for the superintendent, and in his absence the notice was left for him there with a young man whose dress and manner indicated that he was a clerk in the office.    From these facts it might fairly be inferred, in the absence of anything to show the contrary, that the notice speedily came into the hands of the superintendent.    It might also fairly be inferred that the duties of a general superintendent were such as to make him a proper person to represent the corporation in receiving such a notice.    The statute does not require service of the notice in any prescribed way.    Notice is to be " given to the employer within thirty days."    St. 1887, c. 270, § 3.    Without reference to the modes of service prescribed by the law in ordinary cases when notice is to be given, it is enough under this statute if a notice in proper form from the employee comes into the hands of the employer within thirty days after the accident.

*Judgment on the finding.*