DANIEL J. MCCARTHY *vs.* INHABITANTS OF DEDHAM.

Norfolk.   March 8, 1905. — May 19, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Way*, Defect in highway.   *Practice, Civil*, Service of notice in writing, Exceptions.

If, in an action against a town for injuries alleged to have been caused by a defect in a highway, it appears that the notice in writing required by the statute of the time, place and cause of the injury was left by an agent of the plaintiff between eight and ten o'clock in the evening of the last day allowed for service at the house of one of the selectmen of the defendant occupied by him as his home and there delivered to a household servant at the door, and the defendant does not call the servant as a witness or show any reason for not calling her, this will justify a finding that the notice was delivered to the selectman on that evening.

In proving the notice to a town under R. L. c. 51, §§ 20, 21, of the time, place and cause of an injury from a defect in a highway, if it is shown that on the

evening of the last day allowed for service such a notice was delivered to a household servant of one of the selectmen at his dwelling, that it was placed somewhere in his personal presence under his control and that he knew it was there, it does not matter that he did not read it or even take it into his hands until three days later.

In an action against a town for injuries alleged to have been caused by a defect in a highway, on an exception to a refusal of the judge to rule that there was no sufficient evidence to authorize a finding that a proper statutory notice was given to the town within the time required, the defendant cannot in argument before this court raise the point that the notice was ambiguous, if the record plainly shows that the ruling requested and refused was intended to mean, not that the notice was deficient in form, but that it was not given in time, and that the judge so interpreted the request.

If, at the trial of an action against a town for injuries alleged to have been caused by a defect in a highway, the defendant did not contend that it was misled by the plaintiff's notice of the time, place and cause of the injury or that the plaintiff had an intention to mislead, the defendant cannot raise that point in argument before this court on an exception to a refusal of the judge to rule generally that the plaintiff is not entitled to recover, especially where the evidence would warrant a conclusion that there was no intention to mislead and that the defendant was not misled.

In an action against a town for injuries alleged to have been caused by a defect in a highway, if there is evidence that the plaintiff was driving under a railway bridge which crossed the highway, that one half of the road was obstructed by dirt and materials placed there in the construction of a sewer, and that the plaintiff's team came in contact with a plank ten inches high, standing on edge and held in that position by dirt around it, projecting into the street so that teams going by would strike it, and if the plaintiff has testified that the road under the bridge was very dark, the questions whether the defect had existed so long that the town by the exercise of reasonable care and diligence might have had notice of it and was guilty of negligence in failing to remedy it, and whether the plaintiff was in the exercise of due care, are for the jury.

TORT for injuries caused by an alleged defect in the easterly side of East Street, a highway in Dedham, near its junction with Avery Street in that town, at a point under a bridge of the New York, New Haven, and Hartford Railroad Company, at five o'clock in the afternoon of December 11, 1901, the alleged defect consisting of a plank extending into the portion of the highway there open for travel. Writ dated September 4, 1902.

At the trial in the Superior Court before *Harris*, J. the defendant at the close of the evidence requested six rulings, of which the judge gave the fifth and sixth as instructions to the jury, and refused the first four which were as follows: 1. Upon all the evidence the plaintiff is not entitled to recover. 2. Upon all the evidence the plaintiff was not in the exercise of due care.

3. There is no sufficient evidence to authorize a finding that proper statutory notice was given to the town within the time required by law. 4. There is no evidence that the town had notice or in the exercise of due diligence ought to have had notice, before the injury to the plaintiff, of the defect relied upon by him, to wit, a plank or planks projecting into a part of the roadway open for travel.

The jury returned a verdict for the plaintiff in the sum of $1,000; and the defendant alleged exceptions.

*J. E. Cotter*, (*J. P. Fagan* with him,) for the defendant.

*J. R. Murphy*, (*D. W. Murray* with him,) for the plaintiff.

HAMMOND, J. It is stoutly contended by the defendant that there was no sufficient evidence that the statutory notice was given within thirty days. Upon this branch of the case the evidence was conflicting, but it would warrant a finding that between eight and ten o'clock in the evening of January 10, 1902, the last day within which due service of the notice could be made, one Coughlin, acting in behalf of the plaintiff, went to the house of Shriver, one of the selectmen of the defendant town, and "gave the notice to a lady, apparently a domestic who came to the door," and that Shriver occupied the house as his home. Shriver himself testified in behalf of the defendant that he did not see the notice until January 13. The defendant did not call the person into whose hands Coughlin testified he gave the notice, and it does not appear that the defendant could not have called her if it had desired. We think that the jury were warranted in coming to the conclusion that the most reasonable explanation of the evidence in the state in which it was left was that the person who appeared at the door was actually a domestic whose duty it was to deliver speedily to Shriver, her master, such notices as she received at the front door for him; and that Shriver being there then, or shortly afterwards on the same evening, she handed him the message in accordance with her duty. The question was one of fact, and we cannot disturb the finding. See *Shea* v. *New York, New Haven, & Hartford Railroad*, 173 Mass. 177.

It is also contended by the defendant that the instructions of the judge permitted the jury to find that the notice was properly served, even if Shriver did not receive it on that night. But

while the instructions seem at first sight open to that criticism, we are of opinion that when more carefully considered they are not. The judge evidently was making a distinction between a delivery into the actual hands of the defendant and a delivery upon a table or elsewhere in his presence under such circumstances as to leave the notice within his actual personal control. As thus interpreted, the instructions were correct. It was not necessary that Shriver should have read the notice, or even have taken it into his hands that night. It would have been enough if it was placed somewhere in his immediate personal presence under his control, and he was conscious of it.

It is further suggested that the notice is ambiguous, inasmuch as East Street runs under two bridges some distance apart, and it cannot be told from the notice under which bridge the accident is alleged to have happened. This point does not seem to have been taken at the trial, nor is it mentioned in the charge to the jury, nor involved in any ruling requested by the defendant, unless it is involved in the general request that the plaintiff is not entitled to recover, and in the third request that there is no sufficient evidence to authorize a finding that proper statutory notice was given to the town within the time required. There was no contention by the plaintiff that more than one notice had been given, and the record plainly shows that the point which the defendant intended to make by this third request was not that the notice was not proper in form, but that it was not given in time, and it is equally plain that the judge so interpreted the request. The third request, therefore, must be regarded as in no way raising the question of the form of the notice. And even if the question is involved in the first request, we think that under the circumstances the defendant should be held to a pretty strict rule; and we do not see why, in the absence of any contention by the defendant at the trial that it was misled by the notice or that the plaintiff had an intention to mislead, the judge and jury would not have been warranted in inferring that the defendant did not care to have the judge pass upon that question as a question of law, or the jury as a question of fact. Moreover, while there was no evidence introduced specially to bear on that issue, still we are not prepared to say that the evidence did not warrant a conclusion,

in the absence of any contention to the contrary, that there was no intent to mislead and that the defendant was not misled.

The defect with which the plaintiff's team came in contact was described by the plaintiff as a "two inch plank, eight or ten inches high, standing on edge across the ditch," and by another witness as "a plank which extended across the ditch to guide them in laying pipes, and it stuck out in the passageway so that teams going by would strike it. It was about ten inches high, standing up on end, and held in that position by dirt around it." The reasonable inference is that it had been placed there by the men at work on the sewer before they ceased work for the day, which must have been some time before the accident. If the plaintiff's testimony is to be believed, the road under the bridge was very dark, the westerly half was occupied by the dirt and materials placed there by those who were building the sewer, and only the easterly half of the road was left for travel. The town knew that the sewer was in process of construction, and must be held to have known that the travelled part of the highway was for the time being greatly narrowed and likely to be incumbered with lumber and materials used on the work. In view of all this evidence we are of opinion that the questions whether the defect had existed so long that the town might by the exercise of reasonable care and diligence have had notice of it, and whether it was guilty of negligence in failing to remedy it, were for the jury. The question of the due care of the plaintiff was also for the jury.

*Exceptions overruled.*