JOSEPH W. ALLEN & others *vs.* GEORGE B. WILBUR & another.

Suffolk.    March 18, 1908. — June 16, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Evidence*, Of notice, Presumptions and burden of proof.    *Equity Pleading and Practice,* Master's report.

In a suit in equity which has been referred to a master, where it is material to show that a certain notice was given to a corporation, if the party wishing to prove the notice shows that a letter containing the notice properly addressed to the treasurer of the corporation, who had full charge of its business, was delivered by a messenger at the office of the treasurer which also was the office of the corporation, and that in the ordinary course of business he should have received it, and the treasurer of the corporation testifies that he never received the letter and did not know of its existence until a copy was shown to him while he was testifying, this warrants a finding by the master that the notice was given and received, as the master is at liberty to disbelieve the testimony of the treasurer, and the fact that the letter ought to have been received warrants the inference that it was received.

In a suit in equity which has been referred to a master, where the plaintiff to establish his right to relief must show that he furnished certain proof within sixty days after notice in writing had been given by the defendant to a certain corporation, if the defendant at the hearing before the master shows that, more than sixty days before any proof was offered by the plaintiff, such notice was contained in a letter sent by him to the corporation, which ought to have been received by the corporation, warranting the inference that the letter was received, if the master does not state expressly that he has drawn that inference, but makes a special finding that no proof was furnished by the plaintiff until a period of more than sixty days had elapsed after the receipt of the notice, this finding includes the drawing of the inference.

BILL IN EQUITY, filed in the Supreme Judicial Court on November 21, 1904, and amended on December 5, 1906, seeking to enforce the specific performance of an agreement of the defendant in writing under seal dated December 4, 1902, by compelling the delivery to the plaintiffs of certain bonds of the Columbus and Southern Railway Company of Ohio.

The agreement sought to be enforced, among other provisions, contained the following :

" Now Therefore in consideration of the premises and of one dollar and other valuable considerations paid by the John W. Dickinson Company the receipt of which is hereby acknowledged, I, the said George B. Wilbur, do hereby covenant and

agree with and to said John W. Dickinson Company that if said bonds so deposited shall be returned to me in consequence of default in the payments required to be made to me under the terms of said agreement of September 13, 1902, and if said parties or any of them within sixty days after written notice to said John W. Dickinson Company of such return to me shall make demand upon me in writing and shall also satisfactorily prove that they have advanced any money through said John W. Dickinson or said John W. Dickinson Company to the purchase of said railroad with the understanding that they should be secured by bonds upon said railroad I will deliver to said parties respectively bonds of said railroad at the rate of one bond of the face value of $1,000 for each one thousand dollars so subscribed and actually paid in and used in said undertaking. . . ."

The case was referred to Walter B. Grant, Esquire, as master. His findings and the plaintiffs' objections thereto material to the only questions considered by this court are stated in the opinion.

The case was heard upon the master's report and the plaintiffs and the defendant's exceptions thereto by *Rugg*, J., who made a final decree that the exceptions of each party be overruled and that the master's report be confirmed, and that the bill be dismissed with costs to the defendant. The plaintiffs appealed.

It was conceded that the plaintiffs had not made demand upon the defendant in writing or proved that they had advanced money for the purposes named within sixty days from April 16, 1903, when the letter mentioned in the opinion was written by the defendant to the treasurer of the John W. Dickinson Company, but the plaintiffs contended that this letter never was received by that company and therefore that the notice from which the sixty days were to run had not been given.

The case was submitted on briefs.

*W. H. Thorpe*, for the plaintiffs.

*L. Cushing & H. D. McLellan*, for the defendant Wilbur.

LORING, J. It is conceded that the plaintiffs must fail if the notice given by Mr. Wilbur's attorney was in fact received by the John W. Dickinson Company. The notice was addressed to "Mr. John W. Dickinson."

In the body of his report the master states: " The said John

W. Dickinson testified that he did not receive said letter, and did not know of its existence until a copy thereof was shown to him while testifying before me. The defendant Wilbur offered the letter as a sufficient notice to the John W. Dickinson Company of the return to him of said bonds, if such notice was necessary under the agreement of December 4, 1902. The said John W. Dickinson was on April 16, 1903, the treasurer of said John W. Dickinson Company and had full charge of its business; his office was the office also of the John W. Dickinson Company at No. 87 Milk Street, Boston, Mass. I find that said letter was delivered by messenger at his said office and that in the ordinary course of business he should have received the same."

The master's report however ends with special findings, and among them is this: "I find that the complainants made no demand, and furnished no proof, to said Wilbur as provided in the instrument of December 4, 1902, until a period or [of] more than sixty days had elapsed after the receipt of the said notices as aforesaid."

The plaintiffs' third objection to the master's report is in these words : " The complainants object to the finding that the complainants made no demand, and furnished no proof, to said Wilbur as provided in the instrument of December 4, 1902, until a period of more than sixty days had elapsed after the receipt of the said notices as aforesaid. There is no evidence that the said notice of April 16, 1903, was ever received by the said John W. Dickinson or by the said John W. Dickinson Company."

The plaintiffs' fifth objection is in these words: " The complainants object to the failure of the master to make the third of their requests for rulings. There was no evidence of the receipt of the notice." The third request for ruling referred to is a ruling that the notice to be effective should have been actually received.

The master was at liberty to disbelieve Dickinson's testimony. *Lindenbaum* v. *New York, New Haven, & Hartford Railroad*, 197 Mass. 314.

The fact that the letter ought to have been received by Dickinson warranted the inference that it was received.

Although in the body of the report the master does not state

that he had drawn that inference, such an inference is included in the special finding stated above. As we have said, there is a special finding that no proof was furnished " until a period of more than sixty days had elapsed after the receipt of said notices." That finding includes the drawing of that inference.

Any doubt as to how the master viewed this is done away with by his letting both findings stand in spite of the third and fifth objections made to it by the plaintiffs.

*Decree affirmed.*