### EDWARD A. JANSE *vs.* CITY OF BOSTON.

Suffolk. January 19, 1909. — March 1, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Way*, Defect in highway. *Municipal Corporations*, Officers and agents. *Notice*.

At the trial of an action against a city for personal injuries received by the plaintiff because of a defect in a highway of the defendant, evidence that one acting for the plaintiff took a notice, which stated the time, place and cause of his injury and was addressed to the city clerk, to the latter's office for the purpose of serving it, that both the city clerk and the assistant city clerk were out, that he thereupon handed the notice to a person behind the office rail, who was at work at a desk with his hat and coat off and apparently was a clerk in the office, and asked him to give it to the city clerk when he came in, and that such person said "all right," together with evidence tending to show that for nineteen years it had been the custom to hand papers of all kinds to the clerks in the city clerk's office in the absence of the city clerk and of the assistant city clerk, is competent, and warranted a finding that such notice had been received by the city clerk and thus had been served upon the city as required by R. L. c. 51, §§ 20, 21.

TORT under R. L. c. 51, § 18, for personal injuries due to a defect in Ruggles Street in Boston. Writ in the Superior Court for the county of Suffolk dated December 12, 1904.

The case was tried before *Bishop*, J. The facts are stated in the opinion. The jury found for the plaintiff; and the defendant alleged exceptions.

*G. A. Flynn*, for the defendant.

*R. H. Sherman*, for the plaintiff, was not called upon.

MORTON, J. This is an action of tort to recover for personal injuries caused by a defect in Ruggles Street, a public way in the defendant city. The bill of exceptions recites that there was evidence warranting the jury in finding that the highway was defective and had been so for a sufficient length of time prior to the accident to render the defendant liable, that the plaintiff was in the exercise of due care and that he was injured by reason of the defect in the highway.

The defendant contends that the statutory notice of the time, place and cause of the injury was not properly served upon it, and that in consequence thereof it did not receive the notice of the accident to which it was entitled by law. It is nōt denied that the notice was sufficient if properly served. The questions raised relate solely to the competency of evidence admitted against the defendant's objection in regard to the matter of service, and to the instructions given by the presiding judge in reference thereto. We do not understand the defendant to contend that the instructions were wrong if the evidence objected to was properly admitted and if the question of service was one for the jury to pass upon.

The evidence tended to show that one Joyce went to the office of the city clerk " for the purpose of serving a notice of the accident in question and found that both the city clerk and the assistant city clerk were out," and that he thereupon " handed the notice to one of the clerks in the office of the city clerk, who was engaged at a desk behind the office rail with his hat and coat off, and apparently was a clerk in the office ; the said clerk came forward and Joyce asked him to hand the paper to the city clerk when he came in, and the clerk answered ' all right.' " It did not appear that Joyce informed the clerk of the nature of the paper. There was also evidence tending to show " that it had been the custom to hand papers of all kinds to the clerks in the office of the city clerk in the absence of the city clerk and the assistant city clerk," one witness testifying that this " had been the custom . . . for nineteen years," and another witness testifying that, while " no clerk had received orders or been designated to receive notices in the absence of the city clerk and of the assistant city clerk," it was not an " uncommon occurrence," as the acting city clerk testified, " for notices to be delivered to clerks in the office in the absence of the city clerk and the assistant city clerk, and such notices were received and accepted by the city clerk," and " no orders were ever issued by the city clerk or assistant city clerk that notices should not be received by clerks in the office in the absence of the city clerk and the assistant city clerk."

We think that this evidence, including what was said by Joyce to the person who received the notice and his reply, was compe-

tent, and that it warranted a finding that such person was a clerk in the city clerk's office, and the further finding that the notice was received by the city clerk. *McCarthy* v. *Dedham,* 188 Mass. 204. See also *De Forge* v. *New York, New Haven, & Hartford Railroad,* 178 Mass. 59; *Shea* v. *New York, New Haven, & Hartford Railroad,* 173 Mass. 177; *McCabe* v. *Cambridge,* 134 Mass. 484.

*Exceptions overruled.*