<hr/>

CATHERINE O'NEIL *vs.* CITY OF BOSTON.

Suffolk.    November 17, 1926. — November 17, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Way,* Public: defect. *Snow and Ice. Notice. Time.*

Mere mailing, within ten days after an injury sustained by reason of a defect or want of repair of a public way caused or consisting in part of snow and ice, of the notice required by G. L. c. 84, § 18, is not sufficient compliance with the statute if the notice is not received by the proper officer of the county, city or town within the ten days.

TORT for personal injuries. Writ dated January 25, 1924.

In the Superior Court, the action was tried before *Hall,* C.J., who, at the close of the evidence for the plaintiff, ordered a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*G. L. O'Hara,* for the plaintiff.

*J. A. Campbell,* for the defendant.

BY THE COURT. This is an action of tort to recover compensation for personal injuries. The declaration alleges that the plaintiff "was injured by reason of an accumulation of ice and snow, caused by a defect in the sidewalk . . . and that by reason of said defective condition of said sidewalk, she was thrown to the ground and injured." The evidence

showed that the injury was sustained on the twenty-eighth day of January, 1923, and that in behalf of the plaintiff notice was sent by registered mail on February 7, 1923, addressed to the city clerk of the defendant. The notice when produced at the trial bore a stamped date of receipt by the city clerk on February 8, 1923. The substance of the notice was that the plaintiff was injured on a public highway "by reason of the accumulation of ice and snow, caused by a defect in said sidewalk." The evidence showed that snow or ice on the sidewalk was a contributing cause to the injury. *Newton* v. *Worcester,* 169 Mass. 516; *S. C.* 174 Mass. 181. A condition precedent to the maintenance of action by the plaintiff was the giving of notice to the city "within ten days" after the injury. G. L. c. 84, § 18. *Gay* v. *Cambridge,* 128 Mass. 387. The notice in the case at bar, although mailed on the tenth day, was not received until the eleventh day after the injury. Under the statute notice must be received within the time limited. Mere mailing of the notice is not sufficient unless it was received within ten days. *Shea* v. *New York, New Haven & Hartford Railroad,* 173 Mass. 177. *McCarthy* v. *Dedham,* 188 Mass. 204. *McCord* v. *Masonic Casualty Co.* 201 Mass. 473, 475. It becomes unnecessary to consider the other grounds raised.

*Exceptions overruled.*