Briggs, J.
This is an action of tort, in which the plaintiff seeks to recover for personal injuries sustained by her by reason of “a defective condition of the sidewalk on Adams Street, a public way in the City of Quincy, consisting of an obstruction formed by the curbing being raised above the general surrounding surface of the sidewalk, together with an icy condition”.
The defendant contends that no valid and proper notice was served upon the defendant in compliance with General Laws (Ter. Ed.) Ch. 84, §§18 and 19.
Section 18 provides that “a person so injured shall, within ten days thereafter . . . , give to the . . . City, . . . notice......” and Section 19 provides that “such notice shall be in writing----, and may be given, in the case of a . . . city, to the Mayor, the City Clerk or Treasurer; ...”
*566 The giving of such notice to the City “within ten days” after the injury is a condition precedent to the maintenance of the action. Whether or not the notice was received within ten days was a question of fact to be determined by the trial court from all of the evidence together with such rational and proper inferences as might be drawn therefrom.
At the close of the trial the plaintiff requested the following rulings:
1. The receipt of a notice by mail is a ministerial function or duty which may be delegated by the City Clerk to the City Messenger.
2. The City Messenger, Mr. Tirrell, was acting as the servant, agent or delegate of the City Clerk in receiving the notice at the Post Office and signing the receipt for the same in behalf of the City Clerk.
3. The notice was received by the City Clerk within the meaning and intent of the statute as soon as it was taken into the physical possession of the City Messenger from the Post Office in the City Clerk’s behalf and by his direction or with his approval.
Bequests numbered 1 and 3 were given by the Court and 2 was “allowed in so far as the City Messenger was acting as a delegate of the City Clerk.”
The defendant submitted several requests for rulings, of which the following were denied, with a reference to the findings made by the Court so far as they relate to 11 and 12.
8. There was no evidence that either the Mayor, City Treasurer or City Clerk received sufficient notice of the time, place and cause of the alleged injury.
11. Delivery of a notice under Sections 18 and 19 of Chapter 84 of General Laws (Ter. Ed.) to the City Messenger is not notice to the City Clerk, Mayor or Treasurer.
12. The evidence shows that the City Messenger was a clerk to collect mail, but not an agent to act as *567 deputy of the City Clerk to receive notices and other documents in his stead.
The Court in its “findings” finds that the plaintiff received certain injuries on February 3, 1934 at about 5.30- P. M.; that the notice was proper in form and content; that the attorney representing the plaintiff deposited and registered the piece of mail containing the notice at a Post Office in Boston on February 12, 1934, properly directed and addressed to the City Clerk of Quincy; that this piece of mail was received at the Quincy Post Office at about 6.40 A. M. on February 13, 1934, and was delivered to the City Messenger at some time after 8.59 A. M. on the same day; that he signed and receipted for the letter containing the notice in behalf of the City of Quincy; that he has been City Messenger for forty-seven years, and it is part of his duties to collect at the Quincy Post Office the ordinary mail and to sign for and receive registered mail for all of the City Departments ; that his practice was to return to City Hall, sort the mail, and deliver it on the same day to the different departments ; that this had been his practice for forty-seven years; that the notice bears a stamp that it was received by the City Clerk on February 14,1934 at 10.20 A. M.; that the City Clerk has no personal recollection as to when the notice was received; that in his office stamping of notices is a routine matter and may be handled either by himself, his assistant, or any one of three employees; that the City Clerk had held office for twenty-four years and during this time the City Messenger has signed for, received and delivered registered and ordinary mail that was directed to him as City Clerk.
The Court found for the plaintiff and specifically found:
7. That by virtue of custom in receiving mail by the City of Quincy that the delivery to the City Messenger constituted delivery to the City Clerk.
*568 8. By inference I find that the notice was received in the office of the City Clerk on February 13, 1934.
There was no prejudicial error in No. 7: whether viewed as a finding or as a ruling of law. It becomes immaterial in view of No. 8. Ample foundation for the inference in No. 8 is disclosed by the evidence as shown in the report. Prudential Trust Co. vs. Hayes, 247 Mass. 311. Swampscott Machine Co. vs. Rice, 159 Mass. 404.
The finding in No. 8 is not based on No. 7 as was contended by the defendant, since the Court finds in No. 8 specifically that the notice was received in the office of the City Clerk. We cannot say that he was "Wrong. There was evidence to support it. Findings of fact are not reviewable here if there is any evidence to support them.
It follows that there Avas no error in dealing with ruling No. 8 requested by the defendant. Rulings 11 and 12. were in effect denied in so far as they were not in accord with the facts found, and in view of the finding of fact their denial was not prejudicial. Hooper vs. Cuneo, 227 Mass. 37, 40.
Whether or not the City Clerk could legally constitute any person his agent or delegate authority for the purpose of receiving notice by mail becomes immaterial in "view of the finding by the Court that the notice was received in the office of the City Clerk on the tenth day after the injuries were sustained. This complies Avith the intent of the Statute and it follows that rulings on the plaintiff’s requests were not prejudicial. Janse vs. City of Boston, 201 Mass. 348. McCarthy vs. Dedham, 188 Mass. 204
Therefore the entry must be REPORT DISMISSED.