CATHERINE AMSLER *vs.* CITY OF QUINCY.

Norfolk.		March 1, 1937. — March 30, 1937.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Notice. Evidence,* Of notice, Letter.

Findings, warranted by evidence, that a notice under G. L. (Ter. Ed.) c. 84, §§ 18, 19, as amended, sent by registered mail to a city clerk and delivered by the post office to the city messenger "sometime after" 8:59 A.M., and by him at the office of the city clerk the same day warranted a further finding that it was received by the city clerk on that day, although it bore the city clerk's office stamp stating delivery on the next day.

TORT. Writ in the District Court of East Norfolk dated April 12, 1934.

The action was heard by *Mulhall,* J., who found for the plaintiff in the sum of $2,000. A report to the Appellate Division for the Southern District was ordered dismissed. The defendant appealed.

*J. D. Smith,* City Solicitor, for the defendant.
*O. A. Gallagher,* for the plaintiff.

FIELD, J.    This action of tort was brought in the District Court.    The plaintiff seeks to recover for personal injuries sustained by her on February 3, 1934, by reason of a defective condition of a sidewalk on a public way in the city of Quincy "together with an icy condition".    There was a finding for the plaintiff and a report to the Appellate Division.    From an order of the Appellate Division dismissing the report the defendant appealed.

The only matter in controversy is whether "notice of the time, place and cause" of the plaintiff's injury was given seasonably.    G. L. (Ter. Ed.) c. 84, § 18, as amended by St. 1933, c. 114, § 1, provides that a "person so injured shall, within ten days thereafter . . . give to the . . . city . . . notice . . . ."    G. L. (Ter. Ed.) c. 84, § 19, as amended by St. 1933, c. 114, § 2, provides that "Such notice shall be in writing . . . and may be given, in the case of a . . . city, to the mayor, the city clerk or treasurer . . . ."

The report sets out a "Finding" of the trial judge which, according to the report, "contains, by agreement of the parties, a statement of all of the evidence and facts material to the determination of the issues raised."    In this "Finding" the following statements appear: "The notice was proper in form and content . . . .    The attorney representing the plaintiff deposited and registered the piece of mail containing the notice at a post office in Boston on February 12, 1934, properly directed and addressed to the city clerk of the city of Quincy.    This piece of mail was received at the Quincy post office at about 6:40 A.M. on February 13, 1934, and was delivered to Harry W. Tirrell, the city messenger, at the Quincy post office at some time after 8:59 A.M. on the same day.    Tirrell signed and receipted for this registered piece of mail, which contained the notice, in behalf of the city clerk on February 13, 1934.    The Quincy post office is located in the same general vicinity as the city hall where the city clerk has his office.    Tirrell has been city messenger for forty-seven years, and it is part of his duties to collect at the Quincy post office the ordinary mail and to sign for and receive registered pieces of mail for all of the city departments.    His practice was to return to City Hall,

sort the mail, and deliver it on the same day to the different departments.   This has been his practice for forty-seven years.

"The notice . . . bears a stamp that it was received by the city clerk on February 14, 1934, at 10:20 A.M.   Emery L. Crane, the city clerk, has no personal recollection as to when the notice was received.   In his office the stamping of notices is a routine matter and may be handled either by himself, his assistant, or any one of three employees.   Crane has been city clerk for twenty-four years and during his term of office the city messenger has signed for, received and delivered registered and ordinary mail that was directed to Crane as city clerk.

"1. I find . . . 7.   That by virtue of custom in receiving mail by the city of Quincy . . . the delivery to the city messenger constituted delivery to the city clerk.   8. By inference I find that the notice was received in the office of the city clerk on February 13, 1934."

The appeal brings before this court for consideration only rulings of law made by the trial judge and reported by him to the Appellate Division and questions of law touching the action of the Appellate Division thereon. G. L. (Ter. Ed.) c. 231, §§ 108, 109.   *MacDonald v. Adamian*, 294 Mass. 187, 190.   These rulings are set out in a footnote.*

---

* The report states that "the plaintiff made the following requests for rulings: 1. The receipt of a notice by mail is a ministerial function or duty which may be delegated by the city clerk to the city messenger. 2. The city messenger . . . was acting as the servant, agent or delegate of the city clerk in receiving the notice at the post office and signing the receipt for the same in behalf of the city clerk. 3. The notice was received by the city clerk, within the meaning and intent of the statute as soon as it was taken into the physical possession of the city messenger from the post office in the city clerk's behalf and by his direction or with his approval. Said requests numbered 1 and 3 . . . for rulings were allowed . . . and request numbered 2 was 'allowed in so far as the city messenger was acting as a delegate of the city clerk'.

"The defendant submitted several requests for rulings, of which the following were denied . . . with a reference to the finding of the court on requests numbered 11 and 12. 8. There is no evidence that either the mayor, city treasurer or city clerk received sufficient notice of the time, place and cause of the alleged injury. 11. Delivery of a notice under #18 and #19 c. 84 G. L. to the city messenger is not notice to the city clerk, mayor or treasurer. 12. The evidence shows that the city messenger was a clerk to collect the mail, but not an agent to act as deputy of the city clerk to receive notices and other documents in his stead."

The ruling requested by the defendant that there "is no evidence that either the mayor, city treasurer or city clerk received sufficient notice of the time, place and cause of the alleged injury" was denied rightly. The sufficiency of notice is attacked only on the ground that the notice referred to in the "Finding" was not received by the city clerk within ten days after the plaintiff's injury on February 3, 1934. There was, however, evidence from which the trial judge properly could infer — as he did infer — "that the notice was received in the office of the city clerk on February 13, 1934." The evidence was ample that this notice was received by the city messenger on that day and that at some time it reached the office of the city clerk. From this evidence and, in connection therewith, the evidence that the notice was received at the post office about 6:40 A.M. on February 13, 1934, and that the post office "is located in the same general vicinity as the city hall where the city clerk has his office," and the evidence of the duties of the city messenger and of his long continued practice after collecting mail to "return to City Hall, sort the mail, and deliver it on the same day to the different departments," the inference was warranted that in the regular course of business he delivered the notice at the office of the city clerk on February 13, 1934. *Swampscott Machine Co.* v. *Rice*, 159 Mass. 404, 406. *Prudential Trust Co.* v. *Hayes*, 247 Mass. 311, 314–315. Such a finding was not precluded by the evidence that the notice was stamped in that office on the next day. And a finding of such delivery at the office by a messenger whose duty it was to collect mail for the city clerk warranted a further finding that the notice was received by the city clerk on the day of its delivery at his office. *McCabe* v. *Cambridge*, 134 Mass. 484, 487. *McCarthy* v. *Dedham*, 188 Mass. 204, 206. *Janse* v. *Boston*, 201 Mass. 348, 349–350. See also *Shea* v. *New York, New Haven & Hartford Railroad*, 173 Mass. 177, 179.

The specific finding of receipt of the notice "in the office of the city clerk on February 13, 1934," obviously does not rest on the other specific finding that "the delivery to the city messenger constituted delivery to the city clerk,"

and is not vitiated by the latter finding, even if — as we need not decide — the latter finding was not warranted by the evidence or was erroneous in law. The requests for rulings granted and denied by the trial judge, other than the requested ruling already considered, were directed to the effect of delivery of the notice to the city messenger independent of receipt thereof in the office of the city clerk. They were rendered immaterial by the warranted finding that the notice was so received on February 13, 1934. Whether or not these requested rulings stated the law correctly the disposition made of them was not prejudicial to the defendant.

*Order dismissing report affirmed.*