OLD COLONY RAILROAD COMPANY *vs.* ASSESSORS OF QUINCY.

Suffolk. January 3, 1940. — March 27, 1940.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Tax*, Abatement: filing of application.

The requirement of § 59 of G. L. (Ter. Ed.) c. 59, as amended by St. 1935, c. 187, that one seeking abatement of a tax on real estate shall apply in writing to the assessors on or before October 1 of the year to which the tax relates is not merely a matter of limitation but is an integral part of the right, and nonobservance of that requirement destroys the right.

While it is optional with a taxpayer whether he shall make his written application to assessors for an abatement under § 59 of G. L. (Ter.

Ed.) c. 59, as amended by St. 1935, c. 187, by personal delivery or by service by an officer or through the mail, his right to have his application considered is lost unless he proves that the application was received by the assessors or at their office within the time prescribed by the statute.

A finding by the Appellate Tax Board that an application for an abatement of a real estate tax, mailed by registered mail on September 30, was not received by the assessors until after October 1 required a dismissal of the petition for abatement.

That the office of assessors of taxes may have been improperly closed on a September 30 when a taxpayer sought to deliver an application in writing for an abatement under § 59 of G. L. (Ter. Ed.) c. 59, as amended by St. 1935, c. 187, was immaterial on the question whether application was made within the time required by the statute where it appeared that the taxpayer, upon finding the office closed, resorted to registered mail and did not attempt personal delivery on October 1, which was a Saturday, and that the application was not received by the assessors until October 3.

APPEAL from a decision by the Appellate Tax Board.

A. W. Blackman, (L. H. Gulick with him,) for the taxpayer.

F. D. Coffman, for the assessors.

RONAN, J. This is an appeal from a decision of the Appellate Tax Board dismissing a petition of the Old Colony Railroad Company for the abatement of a tax upon its property in Quincy for 1938.

There was evidence that an agent of the appellant went to the office of the assessors in Quincy at about thirty-five or forty minutes after three o'clock, standard time, on the afternoon of Friday, September 30, 1938, for the purpose of delivering a number of applications for abatement of the taxes assessed upon various parcels of real estate owned by the appellant; that the office was closed for the day, no assessor or any clerk was then present, and the janitor, who was busy cleaning the office, declined to accept the applications. The agent was informed that the various municipal offices of Quincy closed at 4:30 daylight saving time. There was evidence that the hours were in conformity with the request of the Governor that daylight saving time be extended for one week after Sunday, September 25, 1938 (when it would end as provided by G. L. [Ter. Ed.] c. 4, § 10), in order that the citizens would have a better oppor-

tunity of repairing the damage incurred by the hurricane of September 21, 1938. The appellant's agent then went to the post office where he mailed the applications, registered, in an envelope properly addressed to the assessors. The city had a box at the post office and it was the duty of a city messenger to take the mail from this box and distribute it among the municipal offices to which it was addressed. There was evidence that when there was registered mail for the city this mail was not put in the box; that a slip was put in the box which would be taken to the registered mail window, given to the clerk, and the registered mail would then be delivered to the city messenger. This messenger went to the post office on three occasions on Saturday morning, October 1, 1938, taking all the mail that was in the box on each occasion. He testified that there was no slip in the box on Saturday morning indicating that there was any registered mail for the city, but that there was such a slip in the box on Monday morning, October 3, 1938, and that he got this registered mail, which apparently contained the application in question, and delivered it to the assessors on that morning.

The Appellate Tax Board allowed the appellees' motion to dismiss. The board made no findings of fact other than granting two requests of the appellees for findings that the appellant did not apply for an abatement of taxes on or before October 1, 1938, and that the application was not received by the assessors until October 3, 1938. The board refused certain requests for rulings submitted by the appellant. The findings of fact made in granting the requests of the appellees are final, and we can reverse only rulings of law made by the board. The sole inquiry open is whether there was error in denying any of the requests of the appellant.

The appellant, in order to secure an abatement of the tax assessed on January 1, 1938, upon its real estate by the appellees, was required to apply in writing to them for such abatement on or before October 1, 1938. G. L. (Ter. Ed.) c. 59, § 59, as then amended by St. 1935, c. 187. This is a statutory right given to an aggrieved taxpayer; the time

within which the application is to be made is not a mere matter of limitation but is an integral part of the right, and the failure to apply within the prescribed time destroys the right. *McRae* v. *New York, New Haven & Hartford Railroad,* 199 Mass. 418. *Crosby* v. *Boston Elevated Railway,* 238 Mass. 564. *Bickford* v. *Furber,* 271 Mass. 94. Moreover, the assessors could not waive the requirement of the statute and act upon an application made after October 1 of the year in which the tax was assessed. *Assessors of Boston* v. *Suffolk Law School,* 295 Mass. 489. *Choate* v. *Assessors of Boston,* 304 Mass. 298.

The assessors filed an answer, and a motion to dismiss the petition which was filed with the Appellate Tax Board on April 26, 1939, and in which it was alleged that the assessors had failed to act on the application within four months from September 30, 1938, when, it was alleged, the appellant applied in writing to the assessors for an abatement. G. L. (Ter. Ed.) c. 58A, § 6, as amended by St. 1938, c. 478, § 4; G. L. (Ter. Ed.) c. 59, § 64, as then amended by St. 1938, c. 478, § 1. The motion to dismiss did not attack the validity of any matter appearing upon the face of the record, but was based upon the ground that the board lacked jurisdiction because the application for an abatement was not filed with the assessors on or before October 1, 1938. The matter set up in the motion presented a single point in fact which, if established, would defeat the petition. Pleas in bar have been abolished in actions at law. *Gallo* v. *Foley,* 299 Mass. 1. *Charles I. Hosmer, Inc.* v. *Commonwealth,* 302 Mass. 495. While "proceedings for abatement of taxes, although in the nature of an action at law, are prescribed throughout by the statute, and the rules as to procedure in actions at common law are not applicable," *Hamilton Manuf. Co.* v. *Lowell,* 274 Mass. 477, 483, and while a motion to dismiss on the ground of a late entry in the Superior Court was sustained in *Cheney* v. *Dover,* 205 Mass. 501, it is not necessary to determine whether such a motion was appropriate in proceedings before an administrative board as we prefer to treat the motion as it was considered by the

board and the parties as setting up the question of fact whether the application was seasonably filed. *Brotkin* v. *Feinberg*, 265 Mass. 295, 298. *Whitney* v. *Whitney*, 299 Mass. 547, 550. *Johnson* v. *Johnson*, 300 Mass. 24. *Cochrane* v. *Cochrane*, 303 Mass. 467.

The appellant was authorized to "apply in writing to the assessors" for an abatement. The statute, G. L. (Ter. Ed.) c. 59, § 59, as amended by St. 1935, c. 187, does not prescribe the means by which the application shall be brought to the attention of the assessors. It was optional with the taxpayer whether it would deliver such an application to the assessors personally, or have it served by an officer or sent through the mail. *McCarthy* v. *Dedham*, 188 Mass. 204. *Powers Regulator Co.* v. *Taylor*, 225 Mass. 292. *Gorski's Case*, 227 Mass. 456. *Otis Elevator Co.* v. *Long*, 238 Mass. 257.

Important rights are established by the making of an application. Oral applications are no longer permissible as the Legislature deemed it necessary that such rights should be evidenced by a written application, thus avoiding the uncertainty and opportunities for dispute which might arise if the proceedings rested on nothing more tangible than a verbal request for a reduction of the tax. See G. L. (Ter. Ed.) c. 59, § 59, as then amended by St. 1935, c. 187.

An application, however, can have no force and effect until it has been brought to the attention of the assessors or at least until the possession and control of the application have been transferred to them. We need not decide whether the application could have been given to the assessors at any place other than their office, because, upon the facts, no attempt was made to deliver it to them anywhere but at their office. The mailing of the application was not enough — it was ineffectual until it reached the assessors or their office. The receipt thereof within the time prescribed by statute must be proved by one who is seeking an abatement. *Shea* v. *New York, New Haven & Hartford Railroad*, 173 Mass. 177. *McCarthy* v. *Dedham*, 188 Mass. 204. *Janse* v. *Boston*, 201 Mass. 348. *McCord* v. *Masonic Casualty Co.* 201 Mass. 473. *O'Neil* v. *Boston*, 257 Mass. 414. *Schneider*

*v. Boston Elevated Railway*, 259 Mass. 564. *Amsler v. Quincy*, 297 Mass. 115. The mere deposit of a letter in the mail, properly addressed and post paid, is *prima facie* evidence of its delivery to the addressee in the usual course of mail, but the effect of such evidence is wholly destroyed by the acceptance as true by the fact finding tribunal of testimony showing that there was delay in delivery of the letter beyond the time prescribed by statute within which delivery to be effectual must be made. *Hudson Electric Light Co.* v. *Hudson*, 163 Mass. 346. *Hobart-Farrell Plumbing & Heating Co.* v. *Klayman*, 302 Mass. 508. *Regan* v. *Atlantic Refining Co.* 304 Mass. 353. The finding that the application was not received by the assessors until October 3, 1938, is conclusive and the appellant shows no right to prosecute proceedings for an abatement of the tax.

The denial of the various requests based upon the contention that the office of the assessors ought to have been kept open on September 30, 1938, in accordance with standard time, was not erroneous. Nothing in the present case turns on the fact that the office was closed at three-thirty o'clock (standard time) in the afternoon. The appellant abandoned the effort to deliver the application at the office of the assessors and adopted another method of sending it to them. It may be that resort to mailing would not have been had if the office had been open when the appellant's agent arrived there, but that incident had no further effect than to prevent him from then leaving the application at the office. It could have been delivered there the next morning. If there was any delay in delivering the application to the city's messenger at the post office, it was not due to negligence of the messenger. In the circumstances, the closing of the office on the afternoon of September 30, 1938, did not contribute to delay the receipt from the post office of applications by the assessors until October 3, 1938, and was not material upon any present pertinent issue in the case. *Kelley* v. *Boston*, 180 Mass. 233. *Smith* v. *Peach*, 200 Mass. 504. *Purchase* v. *Seelye*, 231 Mass. 434. *Smith* v. *Locke Coal Co.* 265 Mass. 524. *Gaw* v. *Hew Construction Co.* 300 Mass. 250.

The failure to give the fifth request* in the form presented became immaterial and harmless in view of the finding that the application did not reach the assessors' office until October 3, 1938. *Slocum* v. *Natural Products Co.* 292 Mass. 455. *Rathgeber* v. *Kelley*, 299 Mass. 444. *Bridges* v. *Hart*, 302 Mass. 239, 246. *Timmins* v. *F. N. Joslin Co.* 303 Mass. 540. There was no error in denying the appellant's requests for rulings or in granting the appellees' requests for findings of fact.

*Petition for abatement dismissed.*

---

* The fifth request of the appellant was as follows: "Where a person is aggrieved by the tax assessed upon him, and desires to secure an abatement thereof, all that the law requires as a first step is that such person shall *apply* in writing to the assessors; there is no legal obligation that what such person writes shall be *filed*." The Appellate Tax Board, after modifying the request by striking out the words "there is no legal obligation that what such person writes shall be filed," gave the ruling as so modified. — REPORTER.