0”1 oole. J.
The plain tiffin the case brought suit for injuries claimed to have *159 been suffered when she slipped and fell by'reason of a defect in the roadway near trolley tracks belonging to the Massachusetts Bay Transportation Authority (“MBTA”) on Washington Street in the Brighton section of Boston. After a trial, the court found for the defendants MBTA and City of Boston.
The plaintiff did not preserve any point of appeal with respect to the claim against the MBTA. The Report of the trialjudge which is the foundation of this appeal indicates that the plaintiff was aggrieved by the court’s rulings on the plaintiffs requests for rulings numbered 2, 3, 6 and 7. Numbers 2 and 3 were the only ones applicable to the claim against the MBTA. They were as follows:
2. The MBTA is responsible for the care and maintenance of the properties owned and is liable to persons in the exercise of due care, who are not passengers, for injury resulting from negligence in the maintenance of said property.
3. The MBTA has a duty to keep in repair the paving, upper planking and other surface material of the portions of the street occupied by their tracks. [Citation omitted].
As to each of these the trialjudge ruled, “Granted, but not applicable to the facts found.”
The court found the following facts, among others not relevant to this point:
The court finds that the plaintiff fell in a defect in a public way under the control of the City of Boston... The plaintiff did not sustain its [sic] burden of proof that the defendant MBTA had the responsibility or had attempted to repair the area in which the plaintiff was injured.
It is apparent that the plaintiffs quarrel is not with the judge’s rulings of law, which were in accord with the propositions of law set out in the requests, but rather with his findings of fact. No issue as to the correctness of the trial judge’s findings of fact is presented by the Report.
With respect to her claim against the defendant City of Boston, the plaintiff requested and the judge ruled as follows:
6. Notice was given to City of Boston by mailing a letter to the Mayor, postmarked January 7, 1985, which was within thirty (30) days thereafter period [sic]. M.G.L. Chap. 84, § 18; King v. City of Boston, 300 Mass. 377.
Court’s Ruling-Denied, but see findings.
7. A finding that such notice is valid is not precluded by evidence that the notice was stamped in that office at a later date. Amsler v. Quincy, 287 Mass. 115, 8 N.E. 2d 9.
Court’s Ruling. Granted but see findings.
Regarding this issue the trial judge found the following facts:
The Court finds that the plaintiff fell in a defect in a public way under the control of the City of Boston on December 7,1984 and was injured as a result of said fall. The notice was dated.January 4,1985 and the envelope' containing the notice was dated January 7, 1985. The notice contained a date of‘January 9,1984,’ as the date of receipt by the office of the mayor.
The court finds that the notice was not received in 30 days as required by the provisions of G. L. chap. 80 [sic], § 18 as amended.[2] There was no evidence presented by. the plaintiff that the plaintiff was physically or mentally incapacitated from her injuries that *160 would have extended the time for giving notice to the City.
.The plaintiffs request numbered 6 is ambiguous, its meaning dependent on which of two possible constructions might be given to the word “notice.” It can be understood to mean actual notice, that is, the communication of information, or it can be understood to mean timely or legally sufficient'' notice. Understood the first way, the request amounts simply to a two-part proposed finding of fact: (a) that a letter purporting to convey information about the plaintiffs accident was mailed to the Mayor on January7,1985, (b) which date was within the thirty-day statutory period. Since the trialjudge, as his decision indicates, did find both (a) and (b) as facts, but nevertheless denied the request, it is obvious that he did not read the request in this way.
The alternate reading, that “notice” means “timely notice,” raises the question whether the requirements of the statute regarding notice were satisfied by facts (a) and (b). So construed, the request properly presented an issue of law. The trialjudge surely gave the request this construction, and he correctly denied it.
To be sufficient under G.L. c. 84, § 18, notice must he received within the statutory period. O'Neil v. City of Boston, 257 Mass. 414, 415 (1926). This proposition has long been settled and is in accord with the general principle that, absent an express contrary provision, notice is given when it has been received by the person to be notified. Costello v. Board of Appeals of Lexington, 3 Mass. App. Ct. 441, 443 (1975), and cases there cited.
The judge granted the plaintiffs request numbered 7, and she was in no way aggrieved by this ruling.
The judge’s rulings of law as to the requests set forth in the Report were correct. The appeal is without merit.
The Report is dismissed.

This is obviously a typographical error. Títere is no question that the pertinent statute is Section 18 of Chapter 84, not Chapter 80.