INCORONATA SANTARPIO *vs.* NEW YORK LIFE INSURANCE COMPANY.

Suffolk.    May 3, 1938. — September 14, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, COX, & RONAN, JJ.

*Insurance*, Life: reinstatement. *Evidence*, Relevancy, Competency. *Witness*, Refreshment of recollection. *Practice, Civil*, Exceptions: whether error harmful.

Even if an insurance company was not shown to have relied on false representations made in an application by the insured for reinstatement of a lapsed life insurance policy, the truth of the representations was a condition precedent to the reinstatement in view of statements in the application that representations therein were made "for the purpose of inducing the company to reinstate said policy," that the answers therein were "full, complete and true," and that the insured agreed "that the company believing them to be true shall rely and act thereon."

To controvert evidence to the effect that, when an application for reinstatement of a lapsed life insurance policy had been accepted by the insurer signed by the insured, spaces for answers were left blank, the insurer properly was permitted to show by testimony of employees that by office practice an application in such condition would not have been accepted and acted upon.

A witness, after refreshing his memory by looking at a document, was permitted to testify that certain writing was on it when it was presented to him for his employer and as to instructions given to the person presenting it, although he admitted that he did not remember the particular occasion of its presentation, if it could be found that because of his regular routine practice in dealing with such documents he knew the facts to which he testified when he saw the document.

Even if certain testimony of an agent as to the scope of his authority was wrongly admitted, the error was harmless where the judge in his charge ruled on that issue in favor of the excepting party and, in so far as the testimony might be taken as bearing on other issues, there was other competent evidence of the same tenor.

CONTRACT. Writ in the Superior Court dated July 20, 1937.

There was a verdict for the defendant at the trial before *Walsh,* J. The plaintiff alleged exceptions.

The case was argued at the bar in May, 1938, before *Rugg,* C.J., *Lummus, Qua,* & *Cox,* JJ. After the death of *Rugg,* C.J., the case was submitted on briefs to *Field,* C.J., *Donahue* & *Ronan,* JJ.

*B. Goldman,* for the plaintiff.

*B. Aldrich,* for the defendant.

QUA, J. By agreement of the parties the only question at issue at the trial was whether the insurance policy on the life of the plaintiff's deceased husband upon which this action was brought had been legally reinstated after it had lapsed for nonpayment of a premium.

The defendant's contention was that an ostensible reinstatement had been procured by the insured falsely answering "No" to the questions contained in the written application for reinstatement whether within two years he had had any illnesses, diseases or bodily injuries or had consulted or been treated by any physician. The plaintiff in her testimony admitted that the insured had been operated upon at a hospital within the two-year period, but she also testified that the answers in handwriting to the questions were not on the application for reinstatement when she gave it to "the girl" at the company's office; that the only handwriting then on the application was the signatures of the insured and of a witness.

After a verdict for the defendant, the plaintiff prosecutes these exceptions to the refusal of the judge to grant two of her requests for rulings and to the admission of certain evidence.

There was no error in refusing to rule that the plaintiff was entitled to recover if the defendant did not rely upon

the representations in the application, and that the burden of proof was on the defendant to show that it did rely upon them.  The application states that the representations contained therein were made "for the purpose of inducing the company to reinstate said policy."  The insured also certifies "that the foregoing answers are full, complete and true" and agrees "that the company believing them to be true shall rely and act thereon."  Under this or similar language in an application it has been held that the truth of the statements contained therein is a condition precedent to a valid reinstatement.  *Clark* v. *Mutual Life Ins. Co.* 251 Mass. 1.  *Umans* v. *New York Life Ins. Co.* 259 Mass. 573.  *New York Life Ins. Co.* v. *Woods,* 19 Fed. Sup. 468.  See *Reidy* v. *John Hancock Mutual Life Ins. Co.* 245 Mass. 373; *Kukuruza* v. *John Hancock Mutual Life Ins. Co.* 276 Mass. 146, 150–151; *Burke* v. *John Hancock Mutual Life Ins. Co.* 290 Mass. 299.

Two of the exceptions to evidence are to the admission of testimony by the defendant's cashier and by a "reinstatement clerk" formerly in its employ tending to show the practice prevailing in the defendant's office relative to receiving applications for reinstatement.  The plaintiff's testimony had made an issue as to whether the application in this case had been received and accepted by the defendant with the space for the answers left blank, or whether it then contained the false answers which were upon it when offered in evidence.  It was therefore competent for the defendant to show that under the routine or practice of its office a blank application would not have been accepted and acted upon.  *Prudential Trust Co.* v. *Hayes,* 247 Mass. 311.  *Mumford* v. *Coghlin,* 249 Mass. 184, 190.  *City Institution for Savings* v. *Kelil,* 262 Mass. 302, 305.  *Amsler* v. *Quincy,* 297 Mass. 115.  *Morse* v. *Woodworth,* 155 Mass. 233, 248.  *Swampscott Machine Co.* v. *Rice,* 159 Mass. 404.  1 Wigmore on Evidence (2d ed.) § 92 *et seq.*  There is nothing to the contrary in *Crane Co.* v. *Pension,* 224 Mass. 135, *Luiz* v. *Falvey,* 228 Mass. 253, or in the other cases cited by the plaintiff.

In three instances a witness called by the defendant,

after refreshing his memory by looking at the application, was permitted to testify that the answers were on the application when received as they were at the time of the trial, or to instructions which it could be found were given to the plaintiff as to filling out the blank in the places indicated by check marks, where the witness admitted that he did not actually remember the particular occasion among so many others, but could be found to know the facts when he saw the paper because of his regular routine practice in dealing with such applications. This evidence was competent. *Dugan* v. *Mahoney,* 11 Allen, 572. *Holden* v. *Prudential Ins. Co.* 191 Mass. 153, 158. *Gurley* v. *Springfield Street Railway,* 206 Mass. 534. *Guiffre* v. *Carapezza,* 298 Mass. 458.

The remaining exceptions relate to testimony of the defendant's cashier that he had authority to approve applications for reinstatement when the questions were answered, but not if they were left unanswered. So far as concerns the mere existence or absence of such authority these exceptions became immaterial when in his charge the judge ruled in favor of the plaintiff on that point. And in so far as the testimony to which exception is taken might have been thought by the jury to bear upon the further issue as to whether or not the questions had been answered, the same witness testified that he could not accept an incomplete application and would have to return it, and there was other evidence of similar effect, all of which we have already held competent as showing the routine practice of rejecting an incomplete application. In view of the evidence as a whole we think that any error in admitting the cashier's testimony could not have injuriously affected the substantial rights of the plaintiff. G. L. (Ter. Ed.) c. 231, § 132. *Koch* v. *Lynch,* 247 Mass. 459, 462. *Northern Industrial Chemical Co.* v. *Director General of Railroads,* 249 Mass. 246, 256. *Phillips* v. *Vorenberg,* 259 Mass. 46, 68.

We have examined all the arguments addressed to us and find no error requiring us to disturb the verdict.

*Exceptions overruled.*