James S. **MURRAY**, etc., Plaintiff, Appellant,

v.

**UNITED STATES** of America, Defendant, Appellee.

No. 6079.

United States Court of Appeals First Circuit.

Heard April 1, 1963.

Decided April 18, 1963.

James M. Kendrick, Boston, Mass., for appellant.

Earl J. Silbert, Atty., Dept. of Justice, with whom Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Melva M. Graney, Attys., Dept. of Justice, W. Arthur Garrity, Jr., U. S. Atty., and Max C. Goldberg, Asst. U. S. Atty., were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

This is an action for recovery of an overpayment of income tax in the amount of $8,897 and interest. Whether or not it was an overpayment depends upon whether certain prior payments standing as credits to the account of appellant taxpayer, James S. Murray, hereinafter Murray, had been properly consumed by having been applied by the I.R.S. to the delinquent tax account of Murray's sister-in-law, Margaret. It is the government's position that Murray had authorized the transfer. The case has been tried three times to the court, resulting each time in a finding for the government. We set aside the first two findings and ordered further proceedings. Murray v. United States, 1 Cir., 1961, 292

F.2d 602; Murray v. United States, 1 Cir., 1962, 300 F.2d 804.

The principal government witnesses were Duffy, an I.R.S. group supervisor, and Foster, an accountant holding an I.R.S. recognized power of attorney from Murray.[1] At the outset Murray complains of the government's use at the present trial of the deposition of Foster, who was admittedly unavailable because of illness (see F.R.Civ.P. 26(d) (3)). The deposition had been introduced at the earlier trials for the same reason. Murray contends that our ordering a new trial meant this deposition could not be used again. There is nothing in this point.

Sometime in or before 1951 it was discovered that there were arrearages due from both Murray and his sister-in-law. In February 1953 the sum of $8,897 which had been paid in by Murray was applied by the I.R.S. to the government's claim against Margaret. If the Service did, in fact, obtain the customary written authorization from Murray to effectuate this transfer there was admittedly no recollection or record thereof. However, we have previously held that proof by the government of an oral authorization would be sufficient. Because the testimony as to this differed somewhat at the third trial and Murray criticizes the court's findings, we will review briefly the evidence in this regard, including such prior evidence as was properly reintroduced.

In his deposition Foster testified that at a conference attended by Murray, Duffy and himself he authorized the transfer to Margaret's account of $8,897 paid in by Murray. He placed the conference at Murray's place of business on a Saturday morning. Although he was not sure of the date, he accepted the government's suggestion of February 1953. This date was in accordance with Duffy's testimony at the earlier trials. At the present trial Duffy testified that his recollection

---

1. Murray complains that the written power did not specify the correct year. However, the actions of Foster here relied up-

on took place in Murray's presence, and he raised no objection.

had been refreshed by seeing papers in another case and that the Saturday in question could not have been later than April 1952. The court credited this testimony. Murray contends that it was not until May 12, 1952, when he and his wife returned refund checks totaling $481 that he had sufficient credits to permit Foster to authorize a transfer in the amount of $8,897. However, even if this $481 had not stood as a credit before it was paid out and returned, Duffy testified that Murray stated at the conference that he wanted Margaret's account cleared up ahead of his own, and that "all payments that *were to be made* ["from James Murray"] were to be credited to the account of Margaret Murray." (ital. suppl.) The court accepted "the testimony of Duffy and Foster * * *." It was warranted in including the $481 payment within the authorized transfer.

Murray makes no other points that were not considered in our previous opinions.

Judgment will be entered affirming the judgment of the District Court.