**UNITED STATES of America, Plaintiff,**

v.

**Stamm F. JOHNSON, Defendant.**

**No. CR 75–265.**

United States District Court,
D. Oregon.

Oct. 12, 1976.

---

Sidney I. Lezak, U. S. Atty., Charles H. Turner, Asst. U. S. Atty., D. Or., Portland, Or., for plaintiff.

Phil M. Kelley of Steiner & Kelley, Laurence L. Janke, Portland, Or., for defendant.

OPINION

SKOPIL, District Judge:

BACKGROUND

This is a prosecution under 26 U.S.C. § 7212(b) for forcible rescue of property seized by the Internal Revenue Service ("IRS"). Defendant, Stamm F. Johnson, concedes that he violated the statute. He asserts as his defense the unconstitutionality of the underlying IRS seizure, which was accomplished pursuant to 26 U.S.C. § 6331.

The defendant is a member of the Oregon State Bar. He specializes in the area of creditors' remedies and is active in the Oregon State Bar Committee on Debtor-Creditor Rights. He participated in the drafting of Oregon legislation on creditors' rights and civil procedure. I am satisfied that Mr.

Johnson committed the acts in issue in good faith and for the sole purpose of testing the validity of IRS summary seizure powers. As he has conceded, his obvious sincerity is not properly a factor which I may consider in ruling on his constitutional defense.

By stipulation of the parties, this case was tried to the court on proposed witness statements and exhibits. Each side had the opportunity to object to the proposed testimony and to cross-examine witnesses. The defendant filed his objections to parts of the government's proposed testimony and to some of its exhibits. In view of Mr. Johnson's repeated and voluntary admissions that he committed the acts alleged in the indictment, it was not necessary for me to consider the evidence to which Mr. Johnson objects in order to find that he committed each of the elements of a violation of 26 U.S.C. § 7121(b). I sustain the objections.

## FACTS

The following facts led up to the indictment. In 1975 Mr. Johnson and his wife were the sole shareholders of National Credit Bureau, Inc. ("NCB"), a Portland collection agency. While a director and officer of the corporation, Mr. Johnson did not take active part in the day-to-day management of the business.

On April 4, 1975, because of unpaid taxes owed by the corporation, agents of the IRS levied upon business equipment, including desks and typewriters located at the NCB office. The agents accomplished this levy or seizure by installing locks on the office entrances and by attaching warning notices [1] to the windows. No tags or warnings were attached to the individual items of personal property inside the office. The agents did not intend to seize the real estate.

Mr. Johnson learned of the levy late in the afternoon of April 4, a Friday. The next day he went to the NCB office and observed the warning notice and locks. He proceeded to remove the locks, gain entrance to the premises, and remove the notices. He had a locksmith install new locks on the building. About ten days later NCB's tax arrearage was paid in full, and the IRS formally released its levy.

As stated in defendant's brief, "Now charged with violation of 26 U.S.C. § 7212(b) [2], Mr. Johnson freely acknowledges that he violated the letter of that statute with full knowledge of the possible consequences."

## CONSTITUTIONALITY OF SUMMARY SEIZURE

The defense is that the statutory authority for the seizure of the NCB property, 26 U.S.C. § 6331 [3], violates due process in that

1. The warning notices read as follows:
   "*WARNING*
   "UNITED STATES GOVERNMENT SEIZURE
   This property has been seized for nonpayment of internal revenue taxes, by virtue of levy issued by the District Director of Internal Revenue. All persons are warned not to remove or tamper with the property, in any manner, under severe penalty of the law."

2. 26 U.S.C. § 7212(b) provides in part:
   "Any person who forcibly rescues or causes to be rescued any property after it shall have been seized under this title, or shall attempt or endeavor so to do, shall [suffer the penalties provided]."

3. 26 U.S.C. § 6331 provides in part:
   "(a) If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary or his delegate to collect such tax . . . by levy upon all property . . . belonging to such person . . . .. If the Secretary or his delegate makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made by the Secretary or his delegate and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this section.
   "(b) The term 'levy' as used in this title includes the power of distraint and seizure by any means. . . ."
   On March 3, 1975, the IRS mailed notices showing the taxes due to NCB. Mr. Johnson suggests that an employee of NCB intentionally failed to notify him of the tax liability. Under this statute, of course, NCB is the corporate "person" entitled to notice and demand.

it permits the IRS to levy upon property of delinquent taxpayers without prior notice and hearing.

The Supreme Court upheld the summary seizure power of the IRS in *Phillips v. Commissioner*, 283 U.S. 589, 51 S.Ct. 82, 75 L.Ed. 738 (1931). The Court has never questioned the continued vitality of that decision. Defendant argues, however, that principles of due process announced in recent cases limiting the availability of prejudgment attachment and garnishment by private creditors should be extended to the tax collector. *Sniadach v. Family Finance*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *North Georgia Finishing Company v. Di-Chem*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975); *Cf. Mitchell v. W. T. Grant*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974).

The defendant acknowledges that *Fuentes* specifically approves the "summary seizure of property to collect the internal revenue of the United States". 407 U.S. at 91–92, 92 S.Ct. at 2000. He argues that the over-all policy of the cases cited invalidates the IRS seizure involved here. I disagree.

I decline to accept defendant's invitation to act against the overwhelming authority which upholds summary execution on the property of delinquent taxpayers. It is undisputed that due process requires notice and opportunity for a hearing before a person is deprived of a property right "except for extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event." *Boddie v. Connecticut*, 401 U.S. 371, 379, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971). Notwithstanding defendant's detailed analysis of the cases, the courts unanimously agree that collection of the revenues upon which our government depends is such an "extraordinary situation". *Phillips v. Commissioner, supra; Fuentes v. Shevin, supra; Tavares v. United States*, 491 F.2d 725 (9th Cir. 1974); *United States v. Heck*, 499 F.2d 778 (9th Cir. 1974).

In his closing argument, Mr. Johnson stated that the remedy of distraint did not extend at common law to the collection of income taxes. He asserted that 26 U.S.C. § 6331 was originally enacted during Reconstruction, when the federal government presumably had an exceptionally strong interest in tax collection. While these points are of interest from an historical point of view, they have no bearing on the issue which is presently before me.

I recognize Mr. Johnson's sincerity, good faith, and favorable reputation as a member of the bar. I have no choice but to find him guilty as charged in the indictment.

This opinion constitutes special findings of fact in accordance with Fed.R.Crim.P. 23(c).