Tom CHRISTENSEN and Jean
Christensen, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 88–5075(SSB).

United States District Court,
D. New Jersey.

March 19, 1990.

Tom Christensen, Jean Christensen, Marmora, N.J., plaintiffs, pro se.

Samuel A. Alito, Jr., U.S. Atty. by Louis J. Bizzarri, Asst. U.S. Atty., Camden, N.J. and Joseph F. Minni, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## OPINION

BROTMAN, District Judge.

Currently before the court is the motion of *pro se* plaintiffs Tom and Jean Christensen for summary judgment. The defendant, the United States of America, has cross-moved for summary judgment. For the reasons stated in the following opinion, this court will deny plaintiffs' motion and grant the government's motion.

## I. FACTS AND PROCEDURE

Plaintiffs initiated this suit in November 1988 by filing a complaint and an application for a temporary restraining order. Plaintiffs alleged that the Internal Revenue Service ("IRS" or "Service") had failed to follow the proper procedure in levying upon Mr. Christensen's wages. Plaintiffs maintained that the IRS levied on Mr. Christensen's wages for Mrs. Christensen's tax liability and, therefore, sought an order restraining the seizure of his wages. At a hearing before this court held January 6, 1989, the attorney for the government told the court that the IRS levy would be released. The parties agreed to a dismissal of the request for a temporary restraining order.

Plaintiffs amended their complaint on January 18, 1989, asserting a cause of action under Internal Revenue Code ("I.R.C." or "Code") § 7431 (1989). The statute provides:

(a)(1) **Disclosure by employee of United States.**—If any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages in a district court of the United States....

(b) **No liability for good faith but erroneous interpretation.**—No liability

shall arise under this section with respect to any disclosure which results from a good faith, but erroneous interpretation of section 6103.

*Id.* Damages are limited by the statute to costs of the action plus the greater of $1,000.00 per unauthorized disclosure or actual damages. *Id.* §§ 7431(c)(1)(A)–(B). Punitive damages are available for a willful disclosure or a disclosure that is the result of gross negligence. *Id.* § 7431(c)(1)(B)(ii). Plaintiffs here seek compensatory and punitive damages for eight allegedly unauthorized disclosures.

The amended complaint includes the following allegations of unauthorized disclosure: on or about September 3, 1987, the IRS sent a Notice of Levy to the First Jersey National Bank; on or about May 12, 1988, the IRS sent two Notices of Tax Lien to the Cape May County Recorder; on or about June 15, 1988, the IRS served two Notices of Levy that were later superceded; on or about June 16, 1988, the IRS served two Notices of Levy on A & F Abstracting Company; and, on or about October 25, 1988, the IRS mailed a Notice of Levy to Mr. Christensen's employer, the J. Byrne Agency. Plaintiffs contend that these disclosures are not authorized by section 6103, therefore, the government is subject to liability under section 7431.

In their brief supporting their motion for summary judgment, plaintiffs admit that they did not file tax returns for the years 1983, 1984, and 1985. Plaintiffs also admit, however, that they received property during these years by performing an "occupation of common right." Plaintiffs contend that this property is not gross income within the meaning of I.R.C. § 61(a), therefore they are not required to file a return pursuant to I.R.C. § 6012(a)(1)(A) because they have gross income less than $1,000.00 for those tax years.

Plaintiffs' brief sets forth the following arguments:

(1) The IRS had no authority to impose the liens because there was no "judgment by a court of competent jurisdiction" as required by I.R.C. § 6502.[1]

(2) No record of assessment exists determining their tax liability under I.R.C. § 6203,[2] thus, the IRS cannot impose the liens.

(3) No properly executed return exists for the Christensens for the years in question because they did not file returns and the Service's Substitute For Return ("SFR") was not signed by anyone from the Service. As such, plaintiffs contend, the Service cannot rely on the SFR to impose liens under I.R.C. § 6020(b)(2).[3]

(4) The Notice and Demand for Payment sent by the IRS, Form 8126, does not comply with the requirements of

---

1. I.R.C. § 6502 (1989) provides:
   **Collection after assessment**
   (a) Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—
   (1) within 6 years after the assessment of the tax, or
   (2) prior to the expiration of any period for collection agreed upon in writing by the Secretary....
   *Id.*

2. I.R.C. § 6203 (1989) provides:
   **Method of assessment**
   The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon re-

quest of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment.
*Id.*

3. I.R.C. § 6020(b) (1989) provides:
   **Returns prepared for or executed by Secretary**
   (1) If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his [or her] own knowledge and from such information as he [or she] can obtain through testimony or otherwise.
   (2) Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.
   *Id.*

I.R.C. § 6303,[4] therefore, this court cannot honor it.

At this point, plaintiffs' brief becomes rambling and largely incomprehensible. As best this court can surmise, plaintiffs assert that, although the government relies on I.R.C. § 6321[5] to support its imposition of a lien, the lien is invalid because Congress cannot impose a lien without first bringing suit in court and reducing its claim to judgment. Additionally, plaintiffs argue that the government cannot rely on this invalid lien to levy on plaintiffs' property under I.R.C. § 6331.[6] Plaintiffs refer to this levy as an "administrative non judicial levy" and contend that such a levy is permissible only for jeopardy assessments, the accrued salary of government employees, liens under the estate and gift tax provisions of the Code, or liens under I.R.C. § 6321.

Plaintiffs conclude that liens under I.R.C. § 6321 are "secret liens," however, the rationale supporting this conclusion and the consequences of such a characterization are not apparent from their brief. Plaintiffs maintain that the United States Supreme Court, in *United States v. Hooe*, 7 U.S. (3 Cranch) 73, 2 L.Ed. 370 (1805), set forth certain conditions that must be met before the government can impose a statutory lien against a citizen. Here, according to plaintiffs, the lien should have remained secret because the conditions were not met.

Plaintiffs' next argument provides that the use of a "administrative non judicial notice of levy" (Form 668) is limited to the following situations: for a special tax lien under the estate and gift tax code; for secret assessment liens under I.R.C. § 6321; when conditions for jeopardy exist; and when a statute authorizes a levy on the accrued salary of a government employee. Plaintiffs cite a Decision of the Comptroller General from 1947 to support their apparent contention that Form 668 is to be used only to levy against the wages of government employees.

Plaintiffs assert that the Service has violated their constitutional and statutory rights under I.R.C. § 6502 because they were denied a "proceeding in court" as guaranteed by the seventh amendment to

---

**4.** I.R.C. § 6303 (1989) provides:
**Notice and demand for tax**
(a) Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address.
(b) Except where the Secretary believes collection would be jeopardized by delay, if any tax is assessed prior to the last date prescribed for payment of such tax, payment of such tax shall not be demanded under subsection (a) until after such date.
*Id.*

**5.** I.R.C. § 6321 (1989) provides:
**Lien for taxes**
If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.
*Id.*

**6.** I.R.C. § 6331 (1989) provides:
**Levy and distraint**
(a) Authority of Secretary or delegate.—If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary or his [or her] delegate to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official. If the Secretary or his [or her] delegate makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made by the Secretary of his [or her] delegate and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this section....
*Id.*

the United States Constitution. Plaintiffs also claim that the IRS did not follow the proper procedure because certain documents lack a signature, therefore, this court should dishonor those documents.

Finally, plaintiffs assert that the IRS did not comply with the notice and demand requirements of I.R.C. § 6303 because its Form 8126 is evidence that no assessment and demand for payment has ever been made. Plaintiffs conclude by asserting that the unauthorized lien and levy violated their constitutional rights under the fourth, fifth, and seventh amendments.

In its response, the government maintains that the liens and levies were proper. The IRS assessed Mrs. Christensen for 1983 tax liabilities on October 13, 1986; it assessed Mr. Christensen for 1983 tax liabilities on October 27, 1986. The IRS issued final notice, "Notice of Intention to Levy," to the Christensens for payment of these taxes, plus accumulated interest and penalties, on July 30, 1987 and April 21, 1988.[7] The IRS issued a levy from its Sacramento, California district office to the First Jersey National Bank on September 1, 1987. The IRS issued two Notices of Federal Tax Lien in April 1988 in the Cape May County Courthouse, Cape May, New Jersey. The IRS also issued two levies to A & F Abstracting Company; the IRS released these levies on June 16, 1988 when plaintiffs' liabilities were satisfied upon sale of a parcel of their property. The government maintains that each disclosure was authorized, therefore, plaintiffs cannot recover under I.R.C. § 7431.

In their reply brief, plaintiffs concede that I.R.C. § 6103 authorizes the filing of liens and levies as necessary to the collection of taxes. Again, they assert they do not owe tax because their income is derived from an "occupation of common right." The Christensens also maintain that no assessments of the tax owed exist. They contend that they are not persons subject to the government's taxing authority because Congress may only collect taxes by an action in debt that complies with the seventh amendment. Plaintiffs assert that, because they have not agreed to the assessment, the assessment is merely an arbitrary act of the government. They also dispute the government's contention that they have only two alternatives in challenging the assessments, that is, petitioning the tax court or paying the disputed amount and suing for a refund.

## II. DISCUSSION

The standard for granting summary judgment is a stringent one, but it is not insurmountable. A court may grant summary judgment only when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986); Lang v. New York Life Ins. Co., 721 F.2d 118, 119 (3d Cir.1983). In deciding whether there is a disputed issue of material fact the court must view all doubt in favor of the nonmoving party. Meyer v. Riegel Prods. Corp., 720 F.2d 303, 307 n. 2 (3d Cir.1983), cert. denied, 465 U.S. 1091, 104 S.Ct. 2144 (1984); Smith v. Pittsburgh Gage & Supply Co., 464 F.2d 870, 874 (3d Cir.1972). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

Recent Supreme Court decisions mandate that "a motion for summary judgment must be granted unless the party opposing the motion can produce evidence which, when considered in light of that party's burden of proof at trial, could be the basis for a jury finding in that party's favor." J.E. Mamiye & Sons, Inc. v. Fidelity Bank, 813 F.2d 610, 618 (3d Cir.1987) (Becker, J., concurring) (citing Anderson, 477 U.S. 242, 106 S.Ct. at 2507, and Celotex

---

**7.** The final notice to Thomas Christensen stated that he owed $2,564.29. The final notice to Jean Christensen stated that she owed $2,735.16.

*Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Moreover, once the moving party has carried its burden of establishing the absence of a genuine issue of material fact, "its opponent must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Thus, even if the movant's evidence is merely "colorable" or is "not significantly probative," the court may grant summary judgment. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11.

Section 7431 establishes a cause of action if an officer or employee of the United States knowingly or negligently makes an disclosure of a tax return or tax return information in violation of I.R.C. § 6103. *See supra* page 845 for the text of I.R.C. § 7431. To prevail under section 7431(a)(1), plaintiffs must show (1) that the disclosure was unauthorized; (2) that the disclosure was made "knowingly or by reason of negligence" and (3) that the disclosure was in violation of I.R.C. § 6103. *Flippo v. United States,* 670 F.Supp. 638, 641 (W.D.N.C.1987), *aff'd,* 849 F.2d 604 (4th Cir.1988).

Section 6103 provides a scheme to control the disclosure of information by the IRS and creates specific exceptions to the general rule of confidentiality of return information. I.R.C. § 6103(k)(6) (1989) provides:

> An internal revenue officer or employee may, in connection with his [or her] official duties relating to any audit, collection activity, or civil or criminal tax investigation or any other offense under the internal revenue laws, disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of this title. Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

*Id.* Pursuant to this statutory authority, the Secretary has promulgated reasonable regulations that, if consistent with the statutory authorization and adopted pursuant to proper procedure, have the force of law. *See Anderson, Clayton & Co. v. United States,* 562 F.2d 972, 976 n. 6 (5th Cir.1977), *cert. denied,* 436 U.S. 944, 98 S.Ct. 2845, 56 L.Ed.2d 785 (1978). Treasury regulations provide, in pertinent part:

> In connection with the performance of official duties relating to any examination, collection activity, civil or criminal investigation, enforcement activity, or other offense under the internal revenue laws ... an officer or employee of the Internal Revenue Service is authorized to disclose taxpayer identity information [that is, name of the person with respect to whom a return is filed, mailing address, taxpayer identifying number, or a combination thereof] ... where necessary in order to properly accomplish any activity described in subparagraph (6) of paragraph (b) of this section.

26 C.F.R. § 301.6103(k)(6)–1 (1989). Subparagraph (6) of paragraph (b) provides:

> To establish or verify the financial status or condition and location of the taxpayer against whom collection activity is or may be directed, to locate assets in which the taxpayer has an interest, to ascertain the amount of any liability ... to be collected, or otherwise *to apply the provisions of the code relating to the establishment of liens against such assets, or levy on, or seizure, or sale of, the assets to satisfy any such liability.*

*Id.* § 301.6103(k)(6)–1(b)(6) (1989) (emphasis added). The regulations, therefore, specifically authorize the disclosure of taxpayer identity information to levy on assets to satisfy tax liability. Here, the IRS could reveal taxpayer information without violating I.R.C. § 6103 in order to collect plaintiffs' taxes provided the Christensens, in fact, were liable for taxes.

■ Plaintiffs assert that they do not owe taxes because they perform an "occupation of common right in our persuit (sic) of happiness" which is exempt from taxation. Their exhibits include a letter from

Barry Reid, United States Senator, dated April 25, 1989, in which Mr. Reid states "I have consulted the legal and tax divisions of the Congressional Research Service to answer your question. They found no tax on an 'Occupation of Common Right.'" Plaintiffs' exhibits also include several "Notice and Demand" letters that Mrs. Christensen sent to the Secretary of the Treasury, the Director of the Internal Revenue Service, and other IRS officials, in which she asserts "I am not a creature of the Federal Government. As a natural individual I hold my Life, Liberty, and Property by endowment of my Creator and not my Creation. I am not a mere franchised 'person' that can be regulated and controlled in the enjoyment of my inalienable rights."

The court rejects plaintiffs' theory that they receive income from an "occupation of common right" that exempts their income from federal taxation. Notwithstanding attenuated authorities that suggest, but notably do not state, that such an occupation exists, the federal statutory scheme of taxation does not recognize it and neither will this court. Gross income is "income derived from any source whatever." *Commissioner of Internal Revenue v. Glenshaw Glass Co.*, 348 U.S. 426, 429, 75 S.Ct. 473, 475, 99 L.Ed. 483 (1955). Income from an "occupation of common right" is an "[instance] of undeniable [accession] to wealth, clearly realized, and over which the taxpayers have complete dominion." *Id.* 348 U.S. at 431, 75 S.Ct. at 477. Plaintiffs are required to claim this income as gross income unless the Code specifically exempts it from taxation. Plaintiffs admit that they received income during the years in question from their work in various gaming houses. *See* Brief in Support of Plaintiffs' Motion for Summary Judgment at 2. Plaintiffs also admit that they did not file tax returns for the years 1983, 1984, and 1985 because, under their interpretation of the tax laws, they had gross income less than $1,000.00 and were not required to file. *Id.* at 1. Plaintiffs point to no statutory authority to show this income is exempt from taxation. The IRS assessed plaintiffs for amounts due and owing as a result of their failure to file tax returns. Plaintiffs must, therefore, show that the IRS failed to follow the proper procedures in assessing the amount due or in levying on their property, thereby violating section 6103, in order to prevail on their claim that the IRS is subject to liability under I.R.C. § 7431.

■ Plaintiffs argue that the levies here are inappropriate inasmuch as the IRS had no authority to impose the liens because there was no "judgment by a court of competent jurisdiction" as required by I.R.C. § 6502. Section 6502 of the Code, however, is a statute of limitations that does not create substantive rights. *See supra* note 1 for the relevant text of I.R.C. § 6502. The statute permits the IRS to levy within six years of the assessment of the tax. Here, the IRS levied within the six year statutory period. Nothing in this section of the Code requires the IRS to secure a judgment in court before levying on property to satisfy tax liability.

The United States Supreme Court has held that Congress may establish a tax lien to guarantee the payment of taxes as an exercise of its constitutional power to "lay and collect taxes." *Michigan v. United States*, 317 U.S. 338, 340, 63 S.Ct. 302, 303, 87 L.Ed. 312 (1943); *United States v. Second Nat'l Bank of North Miami*, 502 F.2d 535, 545 (5th Cir.1974), *cert. denied*, 412 U.S. 912, 95 S.Ct. 1567, 43 L.Ed.2d 777 (1975). There is no requirement that Congress must first reduce its claim to judgment before imposing such a lien.

■ Similarly, the IRS may levy under I.R.C. § 6331 without a judgment in a court of competent jurisdiction. *United States v. Pilla*, 550 F.2d 1085 (8th Cir.), *cert. denied*, 432 U.S. 907, 97 S.Ct. 2954, 53 L.Ed.2d 1080 (1977). *See supra* note 6 for the relevant text of I.R.C. § 6331. The constitutionality of section 6331 is well established. *Phillips v. Commissioner of Internal Revenue*, 283 U.S. 589, 597, 51 S.Ct. 608, 611, 75 L.Ed. 1289 (1931); *Baddour, Inc. v. United States*, 802 F.2d 801, 807 (5th Cir.1986); *Burroughs v. Wallingford*, 780 F.2d 502, 503 (5th Cir.1986); *Ginter v. Southern*, 611

F.2d 1226, 1228 (8th Cir.1979), *cert. denied,* 446 U.S. 967, 100 S.Ct. 2946, 64 L.Ed.2d 827 (1980); *United States v. Pilla,* 550 F.2d 1085, 1092 (8th Cir.), *cert. denied,* 432 U.S. 907, 97 S.Ct. 2954, 53 L.Ed.2d 1080 (1977); *United States v. Heck,* 499 F.2d 778, 788 (9th Cir.), *cert. denied,* 419 U.S. 1088, 95 S.Ct. 677, 42 L.Ed.2d 680 (1974); *United States v. Johnson,* 424 F.Supp. 631, 633 (D.Ore.1976); *Detwiler v. United States,* 406 F.Supp. 695, 698 (E.D.Pa.1975), *aff'd,* 544 F.2d 512 (3d Cir.1976), *cert. denied,* 429 U.S. 1105, 97 S.Ct. 1136, 51 L.Ed.2d 557 (1977); *De Gregory v. United States,* 395 F.Supp. 171, 174 (D.Mich.1975).

■ Plaintiffs maintain that such an "administrative non judicial levy" is restricted to jeopardy assessments, government employees, gift and estate tax liens, or liens under I.R.C. § 6321. This court, however, finds that levies under I.R.C. § 6331 are not restricted as plaintiffs suggest. Plaintiffs' limited reading of section 6331 is not supported by the statute's plain language. The statute expressly states:

If *any person liable to pay any tax* neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary or his [or her] delegate to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.

*Id.* § 6331(a) (emphasis added). Clearly, the statute's language does not limit its application to the categories suggested by plaintiffs. While the statute continues by providing that levies may be made against the accrued salary of government employees, it in no way limits its applicability to government employees. Rather than further restrict the scope of persons against whom the IRS may levy, the statute provides that the accrued salary of government employees falls within its scope. This language increases the ability of the IRS to levy rather than restricting it as plaintiffs suggest.

Likewise, the statute's jeopardy provision allows the IRS to forego the ten day waiting period after notice and demand before levying on the taxpayer's assets. This provision does not purport to restrict levies to situations in which the collection of tax is in jeopardy, rather, it provides an additional remedy for the IRS in situations where the taxpayer's assets may be depleted.

The ability of the IRS to levy, therefore, is not limited to jeopardy assessments, government employees, or gift and estate tax liabilities. The IRS had statutory authority to levy against each plaintiff here for that plaintiff's outstanding tax liability.

■ Plaintiffs then argue that the IRS cannot impose liens because no record of assessment exists, however, this argument is unavailing. Plaintiffs insist that no assessment exists because the government did not comply with their request for a copy of the record of the assessment as required under I.R.C. § 6203.

An assessment of a tax constitutes a determination by the IRS that taxes are actually owing in a certain amount. Treasury regulations provide that assessments are made by assessment officers signing the summary record of assessment, which shows the identity of the taxpayer, the character of the liability assessed, the taxable period, and the amount of the assessment. 26 C.F.R. § 301.6203–1. In order to be valid, the record of assessment must be made in accordance with the regulations, and must be signed by the appropriate officer. *Essex v. Vinal,* 499 F.2d 226, 230 (8th Cir.1974), *cert. denied,* 419 U.S. 1107, 95 S.Ct. 779, 42 L.Ed.2d 803 (1975).

■ In proceedings involving the determination of tax liability and the propriety of an assessment, the assessment of the Commissioner of Internal Revenue is presumed to be correct and is prima facie evidence of the amount due. *Larsen v. Commissioner of Internal Revenue,* 765 F.2d 939, 941 (9th Cir.1985); *Long v. Commissioner of Internal Revenue,* 757 F.2d 957, 959 (8th Cir.1985); *Foster v. Commissioner of Internal Revenue,* 756 F.2d 1430,

1439 (9th Cir.1985), *cert. denied,* 474 U.S. 1055, 106 S.Ct. 793, 88 L.Ed.2d 770 (1986); *Whitcomb v. Commissioner of Internal Revenue,* 733 F.2d 191, 194 (1st Cir.1984); *Mallette Bros. Constr. Co., Inc. v. United States,* 695 F.2d 145, 148–49 (5th Cir.1983), *cert. denied,* 464 U.S. 935, 104 S.Ct. 341, 78 L.Ed.2d 309 (1983). The taxpayer has the burden of proving facts showing that the assessment is erroneous and illegal. *Commissioner of Internal Revenue v. Hansen,* 360 U.S. 446, 468, 79 S.Ct. 1270, 1282, 3 L.Ed.2d 1360 (1959); *Resyn Corp. v. United States,* 851 F.2d 660, 663 (3d Cir.1988). The presumption is not overcome by the taxpayer's characterization of the assessments as arbitrary or by unsupported testimony of the taxpayer. *Rapp v. Commissioner of Internal Revenue,* 774 F.2d 932, 935 (9th Cir.1985).

■ Additionally, the conduct of internal revenue officials and their proceedings in assessing taxes is clothed with the presumption of regularity. *United States v. Ahrens,* 530 F.2d 781, 785 (8th Cir.1976); *Murray v. United States,* 300 F.2d 804, 806 (1st Cir.), *on remand* 209 F.Supp. 883 (D.Mass.1962), *aff'd,* 316 F.2d 29 (1st Cir. 1963); *Donovan v. Maisel,* 559 F.Supp. 171, 173 (D.Del.1982). The burden of proof is, therefore, on the taxpayer to show irregularity. *Green v. United States,* 437 F.Supp. 334, 337 (N.D.Okla.1977). Plaintiffs here have failed to make a prima facie case that the IRS did not assess their taxes in accordance with its regular procedures. Mere failure to provide the taxpayers with a copy of the record of assessment does not rebut the presumption that the IRS acted according to its regular procedures. In fact, all steps leading to the levies on plaintiffs' property suggest that the IRS did follow its regular procedures in assessing plaintiffs' taxes and levying on plaintiffs' property. Plaintiffs' argument that the IRS's failure to produce a copy of the record of assessment makes the levies invalid is rejected.

■ Plaintiffs contend that the Service cannot impose liens against them because no properly executed return exists for them for the years in question because they did not file returns and the Service's SFR was not signed by anyone from the Service. Plaintiffs assert that the IRS's SFR was not signed and, therefore, cannot be "prima facie good and sufficient for all legal purposes." This assertion, however, is irrelevant in determining whether the IRS violated I.R.C. § 7341 because plaintiffs have not shown that the IRS requires a "properly executed return" to assess taxes.

An SFR is not an assessment. Under the regulations, the district director or other IRS employee may prepare a return for a taxpayer who is required to prepare a return but fails to do so, provided that the taxpayer consents to disclose all necessary information. 26 C.F.R. § 301.6020–1(a)(1) (1989). Additionally, the director must make a return, from his or her own knowledge and other means, for a taxpayer that fails to file a return within the specified time. *Id.* § 301.6020–1(b). The execution of an SFR under section 6020(b), however, does not start the three year limitation for the IRS to assess taxes after filing of the taxpayer's return. *See id.* § 301.6501(b)–1. The regulations clearly contemplate, therefore, that the SFR and the assessment of taxes are separate events. The SFR is the calculation of any amounts due and owing; an assessment is a prescribed procedure for officially recording the fact and the amount of a taxpayer's administratively determined tax liability, with consequences somewhat similar to reduction of a claim to judgment. *Cohen v. Gross,* 316 F.2d 521, 522–23 (3d Cir.1963).

Section 6020 of the Code provides that a signed SFR is prima facie good and sufficient for all legal purposes; it does not establish the legal significance of an unsigned SFR. Although the assessment must be signed by the appropriate officer under 26 C.F.R. § 301.6203–1, there is no parallel requirement that the SFR be signed. Thus, the unsigned SFR does not invalidate the assessment, which presumably was signed in the regular course of the IRS's procedures. *See United States v. Ahrens,* 530 F.2d 781, 785 (8th Cir.1976); *Murray v. United States,* 300 F.2d 804, 806

(1st Cir.), *on remand* 209 F.Supp. 883 (D.Mass.1962), *aff'd*, 316 F.2d 29 (1st Cir. 1963); *Donovan v. Maisel*, 559 F.Supp. 171, 173 (D.Del.1982). Because the assessment was valid, the IRS did not violate the confidentiality provisions of section 6103 when it levied on plaintiffs' property pursuant to those assessments.

■ Also, the fact that a taxpayer fails to file a return does not insulate him or her from determination by the IRS that a tax is due and owing. *See* I.R.C. §§ 6020, 6203. Plaintiffs, therefore, cannot avoid a lien for taxes for their failure to file during the years in question by asserting that "no properly executed return" exists for them. Inasmuch as the assessments against the Christensens are presumably valid and the liens arose after the IRS sent its notice and demand, the IRS has the statutory authority to levy to collect the amounts due and owing. Its actions did not, therefore, violate the confidentiality provisions of section 6103.

■ Plaintiffs also assert that the IRS did not give them adequate notice and demand for payment as required by I.R.C. § 6303. Under this section, the IRS must give notice stating the amount of the tax assessed to the person liable for its payment. I.R.C. § 6303. The purpose of the notice is to advise the taxpayer of the Commissioner's intention to impose the assessment and to afford him or her an opportunity to have the determination reviewed by the tax court before the tax can be assessed and collected. *Roszkos v. Commissioner of Internal Revenue*, 850 F.2d 514, 518 (9th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1121, 103 L.Ed.2d 183 (1989). The notice of deficiency is sufficient if it notifies the taxpayer of the fact of the deficiency determination, the amount and character of the deficiency, and of the taxable period involved. I.R.C. § 6212; *Roszkos*, 850 F.2d at 518. A notice of deficiency is not invalid because it contains no particulars or explanations as to how an alleged deficiency was determined. *Scar v. Commissioner of Internal Revenue*, 814 F.2d 1363, 1367 (9th Cir.1987).

Plaintiffs here concede that they received Form 8126 as notice and demand for payment, but contend that this form does not comply with the statutory requirements under I.R.C. § 6303. The burden of proof rests with plaintiffs to establish a prima facie case that Form 8126 does not comply with the statute, however, they have failed to assert facts upon which this court could find that the notice was deficient. Plaintiffs did not submit a copy of the form in question. They did not assert what information was missing from the notice to make it deficient under the statute. The court refuses to adopt their sweeping contention that the form is deficient without some factual basis for doing so.

Plaintiffs' complaint asserts a cause of action under I.R.C. § 7431. It does not assert constitutional violations of their fourth, fifth, and seventh amendment rights. Plaintiffs raise these arguments for the first time in their briefs. Even if the court could address these arguments, plaintiffs could not prevail on a claim that their fourth amendment rights were violated because this action is a civil, not criminal, action. Plaintiffs are not criminal defendants. There has been no violation of plaintiffs' fourth amendment rights here. *See G.M. Leasing Corp. v. United States*, 429 U.S. 338, 352, 97 S.Ct. 619, 628, 50 L.Ed.2d 530 (1977).

■ Additionally, this court has detailed the statutory authority by which the IRS may impose liens and levy on property. The constitutionality of these Code provisions is well established. *Phillips v. Commissioner of Internal Revenue*, 283 U.S. 589, 597, 51 S.Ct. 608, 611–12, 75 L.Ed. 1289 (1931); *Baddour, Inc. v. United States*, 802 F.2d 801, 807 (5th Cir.1986); *Burroughs v. Wallingford*, 780 F.2d 502, 503 (5th Cir.1986); *Ginter v. Southern*, 611 F.2d 1226, 1228 (8th Cir.1979), *cert. denied*, 446 U.S. 967, 100 S.Ct. 2946, 64 L.Ed.2d 827 (1980); *United States v. Pilla*, 550 F.2d 1085, 1092 (8th Cir.), *cert. denied*, 432 U.S. 907, 97 S.Ct. 2954, 53 L.Ed.2d 1080 (1977); *United States v. Heck*, 499 F.2d 778, 788 (9th Cir.), *cert. denied*, 419 U.S. 1088, 95 S.Ct. 677, 42 L.Ed.2d 680 (1974); *United*

*States v. Johnson,* 424 F.Supp. 631, 633 (D.Ore.1976); *Detwiler v. United States,* 406 F.Supp. 695, 698 (E.D.Pa.1975), *aff'd,* 544 F.2d 512 (3d Cir.1976), *cert. denied,* 429 U.S. 1105, 97 S.Ct. 1136, 51 L.Ed.2d 557 (1977); *De Gregory v. United States,* 395 F.Supp. 171, 174 (D.Mich.1975). Such levies do not constitute denial of property without due process of law. There has been no violation of plaintiffs' fifth amendment rights.

■ Finally, this court has addressed plaintiffs' contention that they must receive a jury trial. *See* Letter Opinion, *Christensen v. United States,* Civ. No. 88–5075 (D.N.J. May 22, 1989). Plaintiffs acknowledged that the seventh amendment guarantee of a jury trial did not apply to their case. *Id.* This court found that there is no right to a jury trial in suits against the government unless a statute specifically provides for trial by jury. *Id.* (citing *Lehman v. Nakshian,* 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981)). This court determined that I.R.C. § 7431 does not provide for a trial by jury. *Id.* (citing *Chandler v. United States,* 60 A.F.T.R.2d 5272, 1987 WL59584 (C.D.U.1987); *Flippo v. United States,* 670 F.Supp. 638 (W.D.N. C.1987); *Baruch Investments v. United States,* Civ. No. 84–F–2132 (D.Colo.1985)). Plaintiffs' seventh amendment rights have not been violated.

■ Plaintiffs are not entitled to relief under I.R.C. § 7431 to the extent the IRS levied on each plaintiff's property for that plaintiff's tax liabilities. Plaintiffs allege eight improper disclosure of tax information. In seven of the eight disclosures, plaintiffs have failed to assert facts to show that the IRS breached the confidentiality provisions of I.R.C. § 6103, therefore, no liability can attach for improper disclosure under I.R.C. § 7431. For the disclosure of October 25, 1988, however, the IRS mailed a Notice of Levy to Mr. Christensen's employer for Mrs. Christensen's tax liability. A disclosure on Mr. Christensen's wages for his wife's tax liability would disclose her tax information. While the IRS may properly disclose Mrs. Christensen's tax information in its efforts

to collect her tax liability, the IRS could not accomplish this objective by levying on Mr. Christensen's wages, therefore, the disclosure may violate I.R.C. § 6103. The court must evaluate whether this disclosure violates I.R.C. § 7431, thereby subjecting the United States to liability for damages from the disclosure.

Under section 7431, a taxpayer may recover damages for a knowing or negligent disclosure of his or her taxpayer information in violation of I.R.C. § 6103. Plaintiffs have not asserted any fact by which this court could find a knowing disclosure by the IRS. The government contends that the Notice of Levy was directed to Mr. Christensen's employer by a computer error and that the IRS did not know of the error. Plaintiffs have not put forth any evidence to show that this version of the facts is incorrect. Because the IRS did not know of the error until plaintiffs brought this suit to enjoin the levy of Mr. Christensen's wages, this court cannot find a knowing disclosure under section 7431. Notably, the IRS immediately released the levy on Mr. Christensen's wages when this suit was filed and it became aware of the error.

■ Likewise, there is no evidence that the IRS acted negligently. To hold the IRS liable for a computer error would hold it to a higher standard than anticipated by the Congress in enacting the statute. *See Flippo,* 670 F.Supp. at 642 (Congress's concern was uses and abuses to which information gathered by the IRS was put). Congress sought to protect a taxpayer's "reasonable expectation of privacy" in the tax information he or she voluntarily submitted. *Id.* This intent is not served by imposing liability on the IRS for an unknown computer error that the IRS corrected when it became aware of it. To expect the massive internal revenue system to be free of computer errors is not "reasonable." Such a disclosure is a ministerial error that typically does not give rise to section 7431 liability. *See Timmerman v. Swenson,* 79 U.S.T.C. 9588, 1979 WL 1446 (D.Minn.1979). Having failed to put forth evidence to establish a genuine issue of

material fact, the plaintiffs cannot avoid summary judgment for defendant.

## III. CONCLUSION

This court finds that plaintiffs have not established a prima facie case that the IRS disclosed their tax information in violation of I.R.C. § 6103; therefore, they cannot prevail on their motion for summary judgment on their cause of action under I.R.C. § 7431. Likewise, their belated arguments of violations of their fourth, fifth, and seventh amendment rights are rejected. The government's cross-motion for summary judgment on the issue of liability will be granted.

An appropriate order will be entered.