**Leona WEINER, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE— COLLECTIONS DIVISION, et al., Defendants.**

**No. 89 Civ. 0959(JES).**

United States District Court, S.D. New York.

April 30, 1992.

Leona Weiner, pro se.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City, for defendants, Steven C. Bennett, Asst. U.S. Atty., of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Defendants move to dismiss the above-captioned action on various grounds. For the reasons that follow, defendants' motion is granted.

## BACKGROUND

Plaintiff, *pro se*, brings this action against the Collection Division of the Internal Revenue Service (the "IRS") and various IRS employees, alleging that the defendants placed an improper levy on her bank account and retirement income as a result of her failure to pay a 1981 tax deficiency.[1] At Oral Argument on September 19, 1991, the Court ruled on the record that even assuming plaintiff were to amend her complaint to include the United States as a defendant, plaintiff's tort claims for emotional distress could not be sustained because the Federal Tort Claims Act bars any claim against the United States "arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c) (1988). This Court also held that plaintiff's claims against the individual defendants must be

---

1. The parties entered into a stipulation which settled plaintiff's refund claim, and thus only her claims for damages remain.

dismissed because even affording plaintiff the benefit of all inferences in her favor, the facts set forth are not a violation of a clearly established statutory or constitutional right of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The only issue remaining, therefore, is whether plaintiff has a cause of action for an unlawful disclosure under 26 U.S.C. § 7431 (1988).

## DISCUSSION

■■■ Section 7431 grants taxpayers a cause of action for damages against the United States for disclosures of confidential tax information, as defined by 26 U.S.C. § 6103 (1988), made knowingly or negligently by United States employees.[2] To prevail under section 7431, plaintiff must show (1) that the disclosure was unauthorized; (2) that the disclosure was made knowingly or by reason of negligence; and (3) that the disclosure was in violation of section 6103.[3] *Christensen v. United States,* 733 F.Supp. 844, 849 (D.N.J. 1990), *aff'd,* 925 F.2d 416 (3d Cir.1991); *Flippo v. United States,* 670 F.Supp. 638, 641 (W.D.N.C.1987), *aff'd,* 849 F.2d 604 (4th Cir.1988).

In *Flippo,* relied on by the government, taxes and assessments had been paid prior to the issuances of a lien and levy, but the records of the IRS failed to reflect those payments. The *Flippo* court found that since the tax liability had been paid the disclosure was unauthorized, but that no liability existed because the evidence did not support a finding that the IRS agent acted negligently or knowingly. *Id.* at 641.

Similarly, in the instant case, while the levy may have been unauthorized because plaintiff had in fact paid the tax deficiency, the IRS's failure to credit plaintiff with two of those payments concededly resulted

from computer error. Under such circumstances, the government cannot be found liable under 26 U.S.C. § 7431. *Christensen,* 733 F.Supp. at 854. *See Messinger v. United States,* 769 F.Supp. 935, 940 (D.Md. 1991).

Plaintiff's reliance on *Chandler v. United States,* 687 F.Supp. 1515 (D. Utah 1988), *aff'd,* 887 F.2d 1397 (10th Cir.1989), is misplaced. The *Chandler* finding of negligence was based on the fact that the taxpayers provided enough information with their payment to allow the IRS officer to access their account, but their check remained in the unidentified remittance account for two months. *Id.* at 1521. In contrast, "[t]o hold the IRS liable for a computer error would hold it to a higher standard than anticipated by the Congress in enacting the statute." *Christensen,* 733 F.Supp. at 854 (citing *Flippo,* 670 F.Supp. at 642) (Congress' concern was uses and abuses to which information gathered by the IRS was put).

## CONCLUSION

Accordingly, for the reasons stated above, defendants' motion to dismiss is granted. The Clerk of the Court is directed to close the above-captioned action.

It is SO ORDERED.

---

**2.** Again the Court addresses this cause of action on the assumption that plaintiff could amend her complaint to assert a section 7431 cause of action against the United States, as required by that statute. 26 U.S.C. § 7431(a)(1) (1988).

**3.** Section 6103 states the general rule of confidentiality of return information and also creates

specific exceptions to that rule. Thus, under § 6103, taxpayer information could be revealed pursuant to the IRS' power to levy on assets to satisfy a tax liability, provided the taxes were in fact due. *Christensen v. United States,* 733 F.Supp. 844, 849 (D.N.J.1990), *aff'd,* 925 F.2d 416 (3d Cir.1991).